# CHARLESTON.

## Ex Parte Chalfant.

Submitted October 9, 1917.   Decided October 16, 1917.

1. Criminal Law—*Felony—Time of Trial.*

   Section 23, chapter 145, of the Code, makes obtaining money, goods or the signature of any person by false pretenses, felonious offenses and punishable as prescribed thereby.   (p. 95).

2. Same—*Trial for Felony—Terms—Discharge.*

   By section 25, of chapter 159, Code, one charged with a felony and held for trial is entitled to be discharged from prosecution if three regular terms of the court are allowed to elapse after the indictment without bringing him to trial, except for the reasons mentioned in the statute, and the fact that he has been tried and convicted on another indictment found cotemporaneously with the first and sentenced to imprisonment in the penitentiary therefor, will not excuse the failure of the state to bring him to trial on the other indictment nor prevent his discharge from prosecution thereon.   (p. 95).

3. Same—*Failure to Bring to Trial—Discharge—Statute.*

   And it is not necessary in such case that the accused in order to obtain his discharge should show that after the indictment he made demand for trial or was in any way prevented from doing so. It is the duty of the state to bring him to trial, if it would prevent his discharge, or excuse itself upon some one of the grounds prescribed by the statute.   (p. 95).

Habeas corpus by C. E. Chalfant against C. D. Ball, sheriff, etc.

*Prisoner discharged.*

*Somerville & Somerville* and *J. L. Whitten,* for petitioner.

*R. A. Blessing,* for respondent.

Miller, Judge:

Upon a writ of habeas corpus sued out of this court, petitioner seeks his discharge from custody and from further prosecution upon nine of ten several indictments for felonies returned against him in October, 1913, in the circuit court of Mason County.

The record shows that on October 15, 1915, after his arrest upon said indictments, he appeared in said court, and the cases being continued on his motion, he then entered into a recognizance with sureties for his appearance on the 8th day of February, 1916, a day of a regular term of said court to be then held. On that day he did appear, and on the 9th day of February, 1916, he pleaded guilty to one of said indictments, with the understanding, on his part at least, as he alleges, that he was not to be thereafter prosecuted upon any of the other indictments, and the judgment of the court was that he be confined and imprisoned in the penitentiary of the state for the term of one year. He was thereupon remanded to jail there to remain in the custody of the sheriff until he should be delivered to a guard to be sent by the warden of the penitentiary to receive him. He was thereafter taken to the penitentiary where he remained in the custody of the state, under the order and judgment of said court, serving out the term of his imprisonment, until about December 9, 1916, when he was discharged, and when he was immediately taken into custody by the sheriff of Marshall County, the county in which the penitentiary is located, upon a capias issued out of the clerk's office of the circuit court of Mason County, on November 27, 1916, to answer an indictment for a felony at the next term of said court, and was on December 9, 1916, again delivered into the custody of the sheriff of said Mason County, where he remained until subsequently released on his recognizance, lastly on February 7, 1917, to appear at the June term, 1917, of said court, to answer the charges of felony alleged against him.

On the latter date he did appear in discharge of his recognizance, and then moved the court to be discharged from custody, which motion the court overruled, the grounds therefor alleged being the same as those now relied on for his discharge on habeas corpus, namely: First, because no offense is charged against him in said indictments or either of them; second, because three regular terms of the circuit court elapsed after said indictments were found against him, and after he was remanded or held for trial, without a trial being had thereon, wherefore, by virtue of section 25, chapter 159,

of the Code, he is entitled to his discharge from further prosecution.

The first ground we think should be negatived. The point made is that the statute, section 23, chapter 145, Code, relating to the subject of obtaining the money, goods or the signature of any person by false pretenses, and under which the several indictments were found, does not specifically declare the offense larceny, or forgery, or otherwise define the offenses. But the statute does say that one so obtaining money or property, the subject of larceny, shall be deemed guilty of the larceny thereof, and furthermore says that "every person so offending against any of the provisions of this section shall, upon conviction thereof, be confined in the penitentiary not less than one nor more than five years", etc., clearly making all offenses thereunder felonies, punishable by confinement in the state prison. Section 1, chapter 152, Code, makes offenses punishable by death or confinement in the penitentiary, felonies, and all other offenses misdemeanors. If the statute was wanting in the particulars pointed out other sections of the same chapter would be deficient for the like reason, as for example, sections 24a, 25, and 26. Moreover, the indictments charge petitioner with having by false pretenses obtained money from sundry persons which is declared by the statute to be larceny, and punishable as provided by confinement in the penitentiary.

On the second ground, however, we think the petitioner is entitled to his discharge. Section 25, chapter 159, of the Code, says: "Every person charged with felony, and remanded to a circuit court for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict."

In *State* v. *Kellison,* 56 W. Va. 690, 692, the word "re-

manded" was construed with reference to other statutes relating to procedure to mean "held for trial". And it was fully proven that the present case is not covered by any of the exceptions mentioned in the statute. Wherefore, the sole question presented is, was the prisoner unlawfully so held without trial after the lapse of three terms of court after the indictments were found against him? It is not controverted that the petitioner was never brought to trial on any of said indictments except the one on which he confessed and was sentenced to the penitentiary; but the contention on behalf of the state is that as he appeared on February 8, 1916, in discharge of his recognizance, and so confessed to one of said indictments, and was sentenced to serve a term in the penitentiary he could not have been tried, and there was no necessity for bringing him to trial on any of the other indictments during the time he was serving out his sentence on the indictment on which he was convicted. But the statute was enacted to protect those accused of crime in their rights to a trial without unreasonable delay, guaranteed by the constitution. The statute prescribes what shall be deemed unreasonable delay and thereby places the subject beyond the discretion of the court; it is mandatory, it says, for the neglect specified, the accused shall be forever discharged from prosecution for the offense charged against him.

Applicable to the case at bar we decided in *Dudley* v. *State*, 55 W. Va. 472, that the fact that one had been illegally recommitted to the penitentiary by order of the Governor was no excuse for not bringing him to trial within the time prescribed by the statute. But whether being held legally or illegally the result is the same to the accused, and if any duty was devolved on him by the statute, as in some states, to make demand for trial within the limitation of the statute, being in prison he was without opportunity to do so, and no fault for not trying him sooner can be attributed to him. In *State* v. *Keefe*, 17 Wyo. 227, 17 Ann. Cas. 161, the statute of Wyoming requiring persons to be brought to trial, except in certain contingencies, within two terms of the court after the finding of the indictment, it was held that the statute applied to persons confined in the penitentiary for another of-

fense as fully as to any other person accused of crime and
one of the points of the syllabus in that case is: "Assuming,
without deciding, that the court cannot order the production
before it, for trial, of a person who is imprisoned in the state
penitentiary for another offense, still, where two indictments
for separate offenses are contemporaneous, there is nothing to
prevent the state from bringing the accused to trial on both
indictments before he is sentenced to imprisonment under
either, and where it fails to pursue that course, the conse-
quent delay in bringing the second indictment to trial must
be attributed to its own action rather than to any fault of
the accused." In that case as in this case at bar it was con-
tended that where the accused was confined in the peniten-
tiary it was impossible to try him on the other indictments.
But the court said: "The ancient doctrine of *autrefois
attaint* has been generally repudiated by the courts of this
country * * * And hence it is well settled that the conviction
and sentence for one felony is not a bar to an indictment or
trial for another, and that a convict, while imprisoned in the
penitentiary, is not exempt from trial and sentence for an-
other crime, whether charged to have been committed before
or during such imprisonment." Citing for the proposition
9 Cyc. 875, 876, and many decisions from other states.

In Ohio, and perhaps in some of the other states, con-
trolled by statute, the duty is imposed on the prisoner to
move for or demand a trial, and failing in which he does not
place himself in a position to demand his discharge. *Ex
parte McGehan*, 22 Ohio St. 442. *Gillespie* v. *The People*,
176 Ill. 238, seems to be to the same effect. But no such
duty is devolved on the accused by our statute. The cases
of *Dulin* v. *Lillard*, 91 Va. 718; *Commonwealth* v. *Adcock*,
8 Grat. 662; and *Crookham* v. *State*, 5 W. Va. 510, are re-
lied on by respondent's counsel, but are inapplicable to the
facts in the case.

For the foregoing reason we are of opinion to order the
discharge of the petitioner from custody and from further
prosecution on said indictments.

*Prisoner discharged.*