265 S.E.2d 530 (1980)
STATE ex rel. Calbert V. HOLSTEIN
v.
The Hon. Patrick CASEY, Judge, etc., et al.
No. 14743.
Supreme Court of Appeals of West Virginia.
March 11, 1980.
Dissenting Opinion April 30, 1980.
*531 James M. Cagle, Charleston, for relator.
Chauncey H. Browning, Jr., Atty. Gen., David P. Cleek, Asst. Atty. Gen., Charleston, for respondents.
HARSHBARGER, Justice:
Calbert V. Holstein seeks a writ against the circuit court and prosecuting attorney of Kanawha County to prohibit them from prosecuting him, claiming that he has been denied his right to a speedy trial accorded by W.Va.Const. art. III, § 14[1], U.S.Const. Amend. VI, and W.Va.Code, 62-3-1. We need not discuss the federal constitutional issue because our state constitution and statute are dispositive of the matter.
Relator was arrested April 12, 1978 for stealing a tractor. After three continuances he appeared for preliminary hearing in magistrate court in August, 1978, where the charge was dismissed because the state failed to prosecute. Holstein and another person were later indicted by the May term, 1979, grand jury. At a pre-trial conference on August 23, 1979 at which no judge was present but which was apparently attended by defendant, his counsel, and a prosecutor, a court secretary assigned January 9, 1980 as the trial date. Then on November 29, 1979 Holstein moved the trial court to dismiss the charge because he had been denied his statutory right to a trial in the term of the indictment and his constitutional speedy trial right, and also moved for a separate trial from his co-indictee. He was granted the motion for separate trial, but not his motion to dismiss. There are no other orders or motions in the record.
Code, 62-3-1, provides in relevant part that "[w]hen an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term."[2] (Emphasis added.)
*532 The precursors to Code, 62-3-1, are Code of Virginia 1860, c. 208 § 2, and Code of West Virginia 1868, Chapter 159, Section 1, with language identical to our 62-3-1 except that they applied only to felony indictments. The first two cases mentioning the old statute, State v. Swain, 81 W.Va. 278, 94 S.E. 142 (1917) and State v. Jones, 84 W.Va. 85, 99 S.E. 271 (1919), were brought by defendants who were refused continuances by trial courts despite allegations that they had good cause. Swain agreed with a trial court's refusal to grant a second continuance. In Jones, supra at 84 W.Va. 89, 99 S.E. 271, the court implied a relationship between the West Virginia constitutional right to a speedy trial and Code, 159-1, although the statute was called "[o]ur statute governing the granting of continuances in criminal actions . . . ." Id., 84 W.Va. at 87, 99 S.E. at 271.
For although the constitutional provision (Art. 3, § 14, Const.) requires that "trials of crimes, and misdemeanors * * shall be * * * without unreasonable delay," and the statutory provision (section 1, ch. 159, Code) specifies that trials for felony shall be had at the same term at which the indictment is found, "unless good cause be shown for a continuance," they are to be regarded as having both a public and a private or personal aspect or bearing. The first concerns the prevention, in criminal cases especially, of unnecessary delay and the securing of prompt and efficient administration of the criminal law. Cremeans v. Com., 104 Va. 860, 52 S.E. 362. The second, the vouchsafing to a person charged with violation of the law of a fair and reasonable opportunity to present all the facts material to his defense against accusations preferred against him, however guilty he may be. State v. Jones, supra 84 W.Va. at 89, 99 S.E. at 272-273.
In State ex rel. Chambers v. Damron, 87 W.Va. 189, 104 S.E. 490 (1920) we recognized a prosecutor's right to the continuance mentioned in the statute. Defendants sought a writ to prevent a trial beyond the term of indictment, after a hearing at which both sides presented evidence upon defendants' motion for a speedy trial[3] and the government's motion. The court refused to sign defendants' bill of exception or an order filing the exception. A petition, here, for mandamus was denied by an evenly divided court (one member was absent).
In State v. Wright, 108 W.Va. 715, 152 S.E. 743 (1930), this Court again acknowledged the relationship between the constitutional speedy trial rule and the statute.
It is true that trials of felonies and misdemeanors shall be without unreasonable delay (Art. 3, Sec. 14, Const.), and that felonies shall be tried at the term at which the indictment is found unless good cause be shown for a continuance. Sec. 1, c. 159, Code. Continuances may be, by motion of the state or the defense, each based on "good cause" therefor. Id., 108 W.Va. at 719, 152 S.E. at 744. See also State v. Lutz, 88 W.Va. 502, 107 S.E. 187 (1921).
Our more recent decisions on 62-3-1 also consider the propriety of good cause determinations made by trial courts in granting continuances to the state. State v. Grimmer, W.Va., 251 S.E.2d 780, 787 (1979); State v. Alexander, W.Va., 245 S.E.2d 633 (1978). There is no case in West Virginia which even hints that there can be a delay of trial beyond the term of indictment without good cause shown.
Determination of what is good cause is in the sound discretion of the trial court. Grimmer, supra at 787. It may grant a continuance at the request of either the prosecutor or the defense. However, it has been our position, clearly discernable from the statutory language, that a continuance may not be granted pro forma, but must be requested by a party and the trial court must rule on it. If there is no motion and ruling, trial in the term when the indictment issued is required. This record shows no such motion or ruling.
*533 We have never been required to decide what remedy is appropriate for denial of the right granted by this section. However, Code, 62-3-21[4], commonly called the "three-term rule", provides specifically for discharge from prosecution of a defendant whom the state has failed to try within three terms of court following the term of indictment.[5] Section 21 has been called the legislative declaration of what constitutes a speedy trial within the meaning of Article III, Section 14 of the state constitution. State v. Lacy, W.Va., 232 S.E.2d 519 (1977).
The state argues that 62-3-1 conflicts with 62-3-21, and that if a defendant is discharged from prosecution under Section 1, Section 21 is meaningless. We find that Sections 1 and 21 can be read together without the conflict the government perceives. The legislature in Section 1 has mandated that a defendant be tried in the same term as his indictment unless good cause is shown for a continuance. Even if good cause is shown, and the trial is properly delayed beyond that term, Section 21 requires that the trial commence within the next three terms or the defendant must be forever discharged from prosecution.[6] Thus the legislature has carefully and specifically set post-indictment speedy trial rules.
Code, 62-3-1 does not provide the remedy of discharge in its language, as does 62-3-21; but we know of no lesser relief that would give effect to and maintain respect for the statute. As Justice Powell wrote for the majority in Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972):
This is indeed a serious consequence because it means that a defendant who may be guilty of a serious crime will go free, without having been tried. Such a remedy is more serious than an exclusionary rule or a reversal for a new trial, but it is the only possible remedy. Id., 407 U.S. at 522, 92 S.Ct. at 2188. (Emphasis added.)
The federal right to a speedy trial applies equally to the states[7] and Barker's reasoning is also appropriate, not only to the federal remedy for violation of the right but to our own remedy.[8]
*534 This State has long followed the minority rule that "it is the duty of the prosecution to provide a trial without unreasonable delay rather than the duty of the accused to demand a speedy trial." State ex rel. Stines v. Locke, W.Va., 220 S.E.2d 443, 446 (1975).[9] Although the concept was originally articulated about 62-3-21, it has also been mentioned regarding 62-3-1. State v. Alexander, supra at 636. Therefore the state must offer defendants speedy trials and failure to do so will result in loss of its right to prosecute.
In its oral argument the government implied that Holstein's attorney waived Holstein's right to a speedy trial as defined in Code, 62-3-1 by failing to object to the date set by the court's secretary. Fundamental rights[10] are not easily waived. Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). Courts should "not presume acquiescence in the loss of fundamental rights." Ohio Bell Telephone Co. v. Public Utilities Comm'n, 301 U.S. 292, 307, 57 S.Ct. 724, 731, 81 L.Ed. 1093 (1937). Waiver must be intelligent, knowing and intentional. "Such an approach, by presuming waiver of a fundamental right from inaction, is inconsistent with this Court's pronouncements on waiver of constitutional rights." Barker v. Wingo, supra at 92 S.Ct. 2182. If we were to say that defendant's counsel's failure to inform the prosecutor and the court that the date set was an abridgment of his client's speedy trial right, we would be permitting silence and inaction to equal a waiver, contrary to the dictates of the highest court in the nation. We have neither the authority nor the desire to do so. Silence or inaction by defendant or his counsel does not waive defendant's speedy trial rights prescribed by 62-3-1 and 62-3-21.
Where there is no legislative declaration about what time period constitutes a denial of the speedy trial right, an analysis into prejudice is required by Barker v. Wingo, supra. But where the legislature has determined, as has ours, that a delay without good cause beyond the term of an indictment is a denial of the speedy trial right, there is no need for a defendant to show, or for a court to assess, actual prejudice.
A defendant is entitled to be forever discharged from prosecution under Code, 62-3-1, if he has not been tried in the same term as his indictment and there has been no grant of a continuance for good cause.
We decline to apply this rule retroactively because it does not attack an infection of the fact finding process or effect an unconscionable deprivation of liberty considering the long recognized role of the three-term rule as the outside boundary of speedy trial rights.
The writ of prohibition will issue to prevent any further prosecution of Holstein on the felony charged in this indictment.
Writ granted.
MILLER, Justice, dissenting:
I must respectfully dissent, as I do not believe that W.Va.Code, 62-3-1, must be read as a legislative command to require a dismissal of the charge if a trial is not held at the same term that the indictment is handed down.
W.Va.Code, 62-3-1, must be read in pari materia with W.Va.Code, 62-3-21, which we have traditionally considered as the legislative mandate setting the outside limit of our constitutional requirement regarding a speedy trial found in Article III, Section 14 of our State Constitution. E. g., State v. Lacy, W.Va., 232 S.E.2d 519 (1977); State *535 ex rel. Smith v. DeBerry, 146 W.Va. 534, 120 S.E.2d 504 (1961); Hollandsworth v. Godby, 93 W.Va. 543, 117 S.E. 369 (1923); Ex parte Chalfant, 81 W.Va. 93, 93 S.E. 1032 (1917).[1]
We stated in State v. Jones, 84 W.Va. 85, 87, 99 S.E. 271 (1919), that W.Va.Code, 62-3-1, was a statute governing continuances:
"Our statute governing the granting of continuances in criminal actions is section 1, ch. 159, Code (Sec. 5577): `When an indictment is found in the circuit court of any county against a person for a felony, the accused, if in custody, or if he appear in discharge of his recognizance or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term.'"
There can be little doubt that the "good cause" necessary for a continuance in W.Va. Code, 62-3-1, is a broad term which would permit a continuance for either the State or the defendant on a variety of grounds.
On the other hand, W.Va.Code, 62-3-21, specifies only five grounds which will toll the three-term rule: (1) defendant's insanity; (2) State's witnesses "being enticed or kept away" or "prevented from attending by sickness or inevitable accident"; (3) a continuance obtained by the defendant; (4) the defendant's escape from jail or failure to appear according to his bond; (5) the inability of the jury to agree on their verdict.
Thus, it could be stated that one of the primary purposes of W.Va.Code, 62-3-1, was to provide an expanded right for a continuance by using the term "good cause" and at the same time preserving the ultimate boundary set by W.Va.Code, 62-3-21, by limiting in this latter section the type of good cause continuances that would toll the three-term rule.
It cannot be overlooked that W.Va.Code, 62-3-1, provides no stated penalty for the failure to comply with the one-term provision, whereas W.Va.Code, 62-3-21, expressly provides that for the failure to comply with the three-term rule, the defendant "shall be forever discharged from prosecution for the offense." Certainly, if the Legislature had intended to set W.Va.Code, 62-3-1, as the outer boundary for a speedy trial absent a good cause continuance, it would have used this same language, forever discharging the defendant from prosecution.[2]
It seems to me that even a cursory reading of the two statutes would compel the conclusion that they were designed to complement each other. In this respect, W.Va. Code, 62-3-1, reflects the legislative intent to grant a liberal right for a good cause continuance, and if such good cause cannot be demonstrated, then the defendant must be tried during the indictment term. Counterbalancing this provision is W.Va. Code, 62-3-21, which enumerates only certain grounds for continuance which will toll the three-term rule and, in their absence, the outer boundary line is breached and the defendant is forever discharged from prosecution.
Superimposed on the text of the two statutes is the gloss of our own decisions, which cannot be ignored. We have recognized the outer boundary as set in W.Va.Code, 62-3-21, and have never read W.Va.Code, 62-3-1, as impacting on this outer limit, even though both statutes have been treated in the same case. E. g., State ex rel. Farley v. Kramer, 153 W.Va. 159, 169 S.E.2d 106 (1969), cert. denied, 396 U.S. 986, 90 S.Ct. 482, 24 L.Ed.2d 451. Moreover, even in our *536 construction of W.Va.Code, 62-3-21, we have not adopted a restrictive time view. Thus, we have held that the term at which the indictment is returned is not to be counted in computing the three terms. State ex rel. Smith v. DeBerry, 146 W.Va. 534, 120 S.E.2d 504 (1961); State ex rel. Farley v. Kramer, supra. In addition, we have concluded in certain instances that where the defendant through his pleas or motions causes the case to be continued to the next term, the term at which the motions were submitted could not be counted under W.Va.Code, 62-3-21. See State ex rel. Spadafore v. Fox, 155 W.Va. 674, 186 S.E.2d 833 (1972); State ex rel. Parsons v. Cuppett, 155 W.Va. 469, 184 S.E.2d 616 (1971); Ex parte Bracey, 82 W.Va. 69, 95 S.E. 593 (1918).
There is no question that we imported W.Va.Code, 62-3-1, from Virginia at the time our State was formed. Chapter 208, § 2, 1849 Virginia Code.[3] In Nicholas v. Commonwealth, 91 Va. 741, 744, 21 S.E. 364 (1895), the point was disposed of in a rather summary fashion:
"[But] the fact that one term has passed without an order in the case is not a denial of the right of the accused to a speedy trial."
The historical background of the right to a speedy trial is treated at some length in United States v. Provoo, 17 F.R.D. 183, 196 (D.Md.1955), aff'd, 350 U.S. 857, 76 S.Ct. 101, 100 L.Ed. 761, where its origin is stated to be Magna Carta. Provoo points out that: "In 1679 Parliament passed the Habeas Corpus Act, 31 Car II, ch. 2, which required that prisoners indicted for treason or felony be tried at the next sessions or released on bail . . . ."[4] According to Provoo, this type of statute was adopted by most of the original thirteen states, including Virginia. See Ex parte Santee, 2 Va.Cas. (4 Va.) 363 (1823); cf. Commonwealth v. Cawood, 2 Va. Cas. (4 Va.) 527 (1826). There is in the 1819 Code of Virginia the same basic provision tied to the right to bail. Ch. 169, Sec. 27 & 28. By the time of the 1849 Code of Virginia, this statute had been altered to remove the bail provision, and its form is substantially the same as our W.Va.Code, 62-3-1. See Note 3, supra.
It is not possible to tell whether this alteration of the statute in Virginia between 1819 and 1849 was a result of making the bail provision in the 1849 Code, Ch. 204, §§ 6 & 7, more complete. The important point is that the history of our W.Va.Code, 62-3-1, comes from Virginia and arises from English sources, where this statute was never thought to give an absolute discharge at the end of one term.
A final consideration, it seems to me, is that our utilization of the three-term statute, W.Va.Code, 62-3-21, as a benchmark for our constitutional provision regarding a speedy trial, is far more protective to the defendant than what is afforded by the Sixth Amendment to the United States Constitution. In Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), the Supreme Court refused to establish the constitutional right to a speedy trial as measurable by a certain number of days, weeks or months. Instead, it adopted a balancing test in which the following factors are considered: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of his right; and (4) the prejudice to the defendant. In Barker, a five-year delay in the trial was found by a unanimous Court not to violate the Sixth Amendment right to a speedy trial.
Because of our more limited time period in W.Va.Code, 62-3-21, when measured by the Barker constitutional standard, I see no reason to conceive that the Legislature intended an even shorter span by reading W.Va.Code, 62-3-1, to require a dismissal of the charge.
It seems to me that a more harmonious result would be to hold that W.Va.Code, *537 62-3-1, means that in the absence of a good cause continuance the defendant is entitled to be tried at the same term. If he is not so tried, he may compel the trial by a mandamus as in the case of other mandatory statutes.
To hold otherwise is to emasculate W.Va. Code, 62-3-21, and substitute in its place the one-term rule. These two statutes have existed since the formation of our State and there has never been any intimation that W.Va.Code, 62-3-1, was intended to override W.Va.Code, 62-3-21, and provide the drastic result of a total bar against further prosecution if the defendant was not tried at the term he was indicted in the absence of a good cause continuance by the State. We should not impose a constitutional dimension remedy on a statute in the absence of some clear legislative mandate.[5]
NOTES
[1] W.Va.Const., art. III, § 14:

Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay,. . . unless upon petition of the accused. . . .
[2] According to W.Va.Code, 51-2-1m, the terms of court for the Thirteenth Circuit (Kanawha County) begin on the second Monday in January, May and September. The September term for last year began on September 10, 1979. In order to comply with the legislative mandate of Code, 62-3-1, relator must have been tried before September 10, 1979.

It is interesting that these terms of circuit court are approximately 120 days long. The Agreement on Detainers, enacted by our legislature to implement the speedy trial rights of prisoners brought within our jurisdiction from other incarceration for prosecution on untried indictments, informations and complaints, requires that they be tried within 120 days or the charge be dismissed with prejudice. Agreement on Detainers, Article IV(c) and V(c), Code, 62-14-1.
[3] We discuss below whether a defendant has an obligation to ask for his trial.
[4] Code, 62-3-21. Discharge for failure to try within certain time.

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict; and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall be forever discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.
[5] See also, Agreement on Detainers, Article V(c), Code, 62-14-1, cited in footnote 2, supra.
[6] There are modifications of the mandate of 62-3-21, for extraordinary circumstances and delay attributable to defendant, none of which are relevant. See footnote 4, supra.
[7] Klopfer v. North Carolina, 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).
[8] Any doubt about whether courts had an option to choose alternative remedies for the denial of the speedy trial right was squelched by the subsequent unanimous opinion in Strunk v. United States, 412 U.S. 434, 93 S.Ct. 2260, 37 L.Ed.2d 56 (1973). After it was determined that defendant's speedy trial right was denied, the Seventh Circuit Court of Appeals fashioned a remedy which reduced the term of defendant's sentence to compensate for the period of unnecessary delay. The Supreme Court rejected that approach outright, stating:

But such severe remedies [as dismissal] are not unique in the application of constitutional standards. In light of the policies which underlie the right to a speedy trial, dismissal must remain, as Barker noted "the only possible remedy." Id., at 412 U.S. 439, 93 S.Ct. 2263.
[9] For summaries of which states adhere to the majority and minority views, see 129 A.L.R. 587, supplemented by 57 A.L.R.2d 302, 326, § 10 (1958 and later case service); 21 Am. Jur.2d Criminal Law § 254 (1965 and Supp. 1979); 22A C.J.S. Criminal Law § 469 (1961 and Supp. 1979).
[10] The Supreme Court has declared that "the Sixth Amendment right to a speedy trial is enforceable against the States as `one of the most basic rights preserved by our Constitution.'" Smith v. Hooey, 393 U.S. 374, 89 S.Ct. 575, 21 L.Ed.2d 607 (1969). See Dickey v. Florida, 398 U.S. 30, 90 S.Ct. 1564, 26 L.Ed.2d 26 (1970); Klopfer v. North Carolina, supra.
[1] In Ex parte Chalfant, 81 W.Va. 93, 96, 93 S.E. 1032, 1033 (1917), the Court stated:

"[T]he statute was enacted to protect those accused of crime in their rights to a trial without unreasonable delay, guaranteed by the Constitution. The statute prescribes what shall be deemed unreasonable delay and thereby places the subject beyond the discretion of the court; it is mandatory, it says, for the neglect specified, the accused shall be forever discharged from prosecution for the offense charged against him."
[2] See Note, The Right to a Speedy Criminal Trial, 57 Colum.L.Rev. 846, 851-52 and n. 36, where the author finds that "[m]ost statutes provide that the court `shall' dismiss after lapse of the specified period without good cause for the delay." The only exception noted is a statute using the words "may dismiss."
[3] "When an indictment is found against a person for felony, in a court wherein he may be tried, the accused . . . shall, unless good cause be shewn for a continuance, be arraigned and tried at the same term."
[4] See IX W. Holdsworth, A History of English Law (1966 reprint), at 117-19.
[5] From a purely practical standpoint, today's decision will bring about a result that has been deplored under the Federal Speedy Trial Act  that is, a rush to judgment over more fundamental considerations of a fair and orderly development of the trial. Black, The Speedy Trial Act  Justice on the Assembly Line, 8 St. Mary's L.J. 225 (1976).