# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0125**  (Hancock County 14-F-99)

**Karl Halstead,**
**Defendant Below, Petitioner**

**FILED**

**February 17, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Karl Halstead, by counsel Matthew C. Brock, appeals the Circuit Court of Hancock County's January 26, 2016, order sentencing him to a cumulative sentence of 75 to 300 years of incarceration following his convictions for three counts of aiding and abetting the felony offense of sexual assault in the first degree. Respondent the State of West Virginia, by counsel Benjamin F. Yancey, III and Josiah M. Kollmeyer, filed a response in support of the circuit court's order.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In July of 2014, petitioner and his son, Kevin Halstead, asked three boys, including nine-year-old B.C., to perform some work in their yard. When the boys requested the promised payment, Kevin grabbed B.C. and pulled him into the home he shared with petitioner. According to Kevin, petitioner held B.C. down while Kevin forcibly sodomized the child. In addition, petitioner touched the boy's buttocks. Petitioner and Kevin both threatened B.C. that if he told anyone about the incident they would shoot someone that the victim knew. B.C. told a child friend about the incident, and that child's mother told B.C.'s mother.

Petitioner was indicted during the September of 2014 term of the Hancock County grand jury but failed to appear on docket day. The circuit court issued a capias for petitioner's arrest, and he was arrested in Indiana on October 28, 2014. He was served with a fugitive warrant but refused extradition to West Virginia; he was returned toward the end of the term of court. The

---

[1] Josiah M. Kollmeyer is participating in this matter pursuant to Rule 10(b) of the West Virginia Rules for Admission to the Practice of Law.

1

circuit court inquired of petitioner whether he wished to have a trial during the current term of court, but after he consulted his counsel and was advised of his rights, he waived that right.

By order entered on April 1, 2015, the circuit court granted petitioner's motion to dismiss one count of conspiracy without prejudice. Shortly thereafter, the circuit court set a trial date of September 1, 2015. However, on August 21, 2015, the circuit court entered an order continuing the trial. In that order, the circuit court set forth the following relevant findings: counsel advised that they had been negotiating the terms of a plea agreement but that petitioner decided not to accept the proposed plea that had been reduced to writing and presented to petitioner; the State advised that it needed additional time to obtain additional records to review and provide to petitioner that may contain exculpatory evidence so that the State could identify expert witnesses who would testify at trial; the State advised that there were motions it needed to file and have considered prior to trial; the assistant prosecutor had a scheduling conflict with the trial date; petitioner was not willing to waive his right to a trial during that term of court; and petitioner indicated he had filed a motion in limine which had not been responded to by the State, though the State indicated it could not locate such motion and did not know at that time if they intended to use the videotaped interviews of the child at trial and the circuit clerk searched her file but was unable to verify that petitioner had filed such motion in limine. The circuit court then continued the trial from September 1, 2015, to September 15, 2015, and set a pretrial conference for August 31, 2015. In its order, the circuit court also ordered the provision of medical, psychological, and/or psychiatric records concerning B.C. from B.C.'s medical treatment providers to the State, which the State would then provide to petitioner's counsel.

On August 27, 2015, petitioner filed a motion for a continuance, stating that his counsel needed additional time to address the State's motions and pleadings, in addition to the opportunity to retain an expert psychologist or psychiatrist to render an opinion regarding certain issues. The circuit court granted that motion by order entered on September 4, 2015, and the trial was moved to December 14, 2015.

Petitioner was tried before a jury from December 14 to 16, 2015, for three counts of aiding and abetting the felony offense of sexual assault in the first degree. He was found guilty of all three charges, and by order entered on January 26, 2016, he was sentenced to 25 to 100 years of incarceration for each of the three counts, said sentences to run consecutively for a cumulative sentence of not less than 75 nor more than 300 years. Petitioner was also required to register as a sex offender for life. The court further ordered that if petitioner is released from the Division of Corrections, he shall be placed upon supervised release for fifty years.[2]

---

[2] In a separate proceeding (Case No. 15-F-18), Kevin Halstead pled guilty to abduction with the intent to defile, for which he was sentenced to a term of incarceration of three to ten years; conspiracy, for which he was sentenced to one to five years of incarceration; and child abuse creating a risk of serious bodily injury, for which he was sentenced to one to five years of incarceration. The sentences for child abuse creating a risk of serious bodily injury and abduction with the intent to defile were to run consecutively. However, the sentence was to be run "in part concurrent with the sentence imposed . . . charging the offense of 'Conspiracy.'" Therefore, the "actual sentence for these three (3) crimes for the purposes of parole is a cumulative prison (continued . . .)

On appeal, petitioner asserts two assignments of error. First, he contends that the circuit court erred by granting the State's motion to continue his trial beyond the term of court absent good cause to do so in violation of West Virginia Code § 62-3-1. Petitioner admits that he waived his right to a trial to be commenced during the term of court in March of 2015 but asserts that he did not waive his right to a speedy trial pursuant to that statute. Petitioner argues that the State's motion to continue was based upon petitioner's previous flight from the jurisdiction of the trial court, the State's need to obtain medical records and designate an expert witness, the State's need to serve petitioner with potential evidence not previously provided, and an alleged scheduling conflict on the part of the assistant prosecutor. He further admits that he fled the jurisdiction in late 2014 but asserts that the fact that he fled did not delay his trial following his February of 2015 arraignment. As part of his argument, petitioner contends that the State's inability to obtain evidence appears disingenuous, is a product of the lack of due diligence, and amounts to an abuse of discretion by the circuit court. In essence, he asserts that the State lacked good cause for a continuance.

West Virginia Code § 62-3-1 provides that "[w]hen an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term. . . ." With regard to speedy trials, this Court has stated as follows:

> [T]his Court is of the opinion that whereas *W.Va.Code*, 62–3–1, provides a defendant with a statutory right to a trial in the term of his indictment, it is *W.Va.Code*, 62–3–21, rather than *W.Va.Code*, 62–3–1, which is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of *U.S.Const.*, amend. VI and *W.Va.Const.*, art. III, § 14. *State v. Lacy*, 232 S.E.2d 519, 522 (W.Va.1977); *State ex rel. Stines v. Locke*, 159 W.Va. 292, 220 S.E.2d 443, 446 (1975); *State ex rel. Wren v. Wood*, 156 W.Va. 32, 36, 190 S.E.2d 479, 482 (1972); *Town of Star City v. Trovato*, 155 W.Va. 253, 257, 183 S.E.2d 560, 562 (1971); *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 170, 169 S.E.2d 106, 113 (1969); *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 538, 120 S.E.2d 504, 506 (1961); *State v. Underwood*, 130 W.Va. 166, 169, 43 S.E.2d 61, 63 (1947); *Hollandsworth v. Godby*, 93 W.Va. 543, 546, 117 S.E. 369, 370 (1923); *Ex Parte Bracey*, 82 W.Va. 69, 72, 95 S.E. 593, 595 (1918); *Ex Parte Chalfant*, 81 W.Va. 93, 96, 93 S.E. 1032, 1033 (1917); *Denham v. Robinson*, 72 W.Va. 243, 254, 77 S.E. 970, 975 (1913); *Cooper v. King*, 303 F.Supp. 876, 878 (N.D.W.Va.1969), and *Raleigh v. Coiner*, 302 F.Supp. 1151, 1154

---

sentence of not less than four (4) years nor more than nineteen (19) years and three hundred sixty four (364) days." Kevin was to be eligible for an initial parole hearing upon completion of four years in the Division of Corrections. He also pled guilty to sexual assault in the first degree, for which he was sentenced to 25 to 100 years of incarceration, though that sentence was suspended while he served his time for the other convictions. Kevin was also ordered to serve fifty years of supervised release.

(N.D.W.Va.1969). As each of the above cases indicates, *W.Va. Code*, 62–3–21, is this State's declaration of a criminal defendant's constitutional right to a speedy trial. At no time prior to [*State ex rel. Holstein v. Casey*, 164 W.Va. 460, 265 S.E.2d 530 (1980)] has this Court held that *W.Va.Code*, 62–3–1, defines the right to speedy trial. . . . Accordingly, the importance of the term of indictment is lessened under *W.Va.Code*, 62–3–21, in terms of speedy trial. Therefore, it would not be justifiable to associate the one-term rule under *W.Va.Code*, 62–3–1, with a constitutional right to speedy trial, particularly in an instance where indictments are returned near the end of a term. With like reasoning, if a criminal case is continued pursuant to *W.Va.Code*, 62–3–1, for good cause from the term of indictment to the next term, and during that latter term the defendant is not tried because of a continuance by the State, nothing in the provisions of *W.Va.Code*, 62–3–1, would entitled the defendant to discharge from prosecution. Rather, the outer boundary of prosecution in such a case, in terms of speedy trial, is established by *W.Va.Code*, 62–3–21. . . We hold, therefore, that a defendant, pursuant to *W.Va.Code*, 62–3–1, has a statutory right to trial in the term of his indictment, subject to a possible continuance for good cause. Further, a defendant, pursuant to *W.Va.Code*, 62–3–21, has a constitutional right to trial within three terms from the term of his indictment, subject to certain enumerated exceptions. Where these two statutes are violated, it is only *W.Va.Code*, 62–3–21, which specifically provides that the defendant shall be discharged from prosecution. The Legislature did not provide in *W.Va.Code*, 62–3–1, the remedy of discharge from prosecution that it expressly provided in *W.Va.Code*, 62–3–21. If the Legislature had intended discharge from prosecution under *W.Va.Code*, 62–3–1, it could have so provided. The right of the defendant is somewhat limited under *W.Va.Code*, 62–3–1, compared to *W.Va.Code*, 62–3–21, and the remedy likewise should be limited.

*State ex rel. Shorter v. Hey*, 170 W. Va. 249, 254-57, 294 S.E.2d 51, 56-59 (1981).

The grant of a continuance beyond the original term of court was granted for good cause without objection by either party. While petitioner complains of the grant of a two-week continuance on behalf of the State, he fails to acknowledge that he requested a three-month continuance shortly thereafter. The State requested its continuance to obtain medical records for the minor victim of the crimes alleged against petitioner; these crimes were clearly related to crimes for which petitioner's son had previously pled guilty, including first degree sexual assault of B.C. The circuit court stated its belief that the State needed to obtain those records prior to trial, and petitioner was entitled to additional time to review and evaluate such records.

Pursuant to West Virginia Trial Court Rule 2.01, the terms of court for the Circuit Court of Hancock County shall commence on the second Tuesday of January, April, and September. Therefore, the circuit court's grant of a mere two-week continuance moved the trial to the next term of court. As a general rule, "[a] motion for continuance is addressed to the sound discretion of the trial court, and its ruling will not be disturbed on appeal unless there is a showing that there has been an abuse of discretion." Syl. Pt. 2, *State v. Bush,* 163 W. Va. 168, 255 S.E.2d 539 (1979). In syllabus point two of *State ex rel. Shorter*, this Court explained that:

4

The determination of what is good cause, pursuant to W. Va.Code, 62–3–1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and when good cause is determined a trial court may, pursuant to W. Va.Code, 62–3–1, grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion.

Although the circuit court continued the trial to a later term of court by a matter of a week, the circuit court found good cause to do so, particularly in light of the fact that this matter involved a child victim who had received relevant medical treatment. The State informed the circuit court that it often experienced difficulty obtaining medical records from at least one of the treatment facilities, which was why it requested a court order to obtain the same. Therefore, based on the facts and record before this Court, we find that the circuit court did not abuse its discretion in granting the State's motion for a short continuance of the trial date beyond that term of court.

Petitioner's second assignment of error is that the circuit court erred by using improper sentencing factors and facts not established at trial. As part of that assignment of error, petitioner argues that his sentence was disproportionate to his son's sentence of incarceration. Petitioner faults the circuit court judge for stating that the evidence was "extremely disturbing" and that if it "was authorized by the state legislature to impose the death penalty" that it would do so. He argues that the circuit court improperly imposed its personal views and failed to apply objective standards.

This Court has repeatedly held that "'[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review.' Syl. pt. 4, *State v. Goodnight,* 169 W.Va. 366, 287 S.E.2d 504 (1982)." Syl. Pt. 9, *State v. Hays*, 185 W. Va. 664, 408 S.E.2d 614 (1991). West Virginia Code § 61-8B-3(c) sets forth the following related to sexual assault in the first degree:

Notwithstanding the provisions of subsection (b) of this section, the penalty for any person violating the provisions of subsection (a) of this section who is eighteen years of age or older and whose victim is younger than twelve years of age, shall be imprisonment in a state correctional facility for not less than twenty-five nor more than one hundred years and a fine of not less than five thousand dollars nor more than twenty-five thousand dollars.

West Virginia Code § 61-11-6(a) provides, in relevant part, that "[i]n the case of every felony, every principal in the second degree and every accessory before the fact shall be punishable as if he or she were the principal in the first degree . . . ." As we previously stated, "[a] person who is the absolute perpetrator of a crime is a principal in the first degree, and a person who is present, aiding and abetting the fact to be done, is a principal in the second degree." Syl. Pt. 5, *State v. Fortner*, 182 W. Va. 345, 397 S.E.2d 812 (1989). While petitioner points to the circuit court judge's comments regarding the crime committed, the record shows that the circuit court simply imposed the maximum sentence under the statute for each count for which petitioner was convicted, regardless of any personal feelings expressed. Based upon the specific facts of this case and the record before this Court, we find that the circuit court did not err in sentencing petitioner pursuant to statute.

With regard to the proportionality argument, petitioner points to the fact that his son was convicted of the felony offenses of sexual assault in the first degree, abduction with intent to defile, conspiracy, and child abuse creating a risk of serious bodily injury. However, Kevin received an effective sentence of four to nineteen years of incarceration because the circuit court suspended the 25 to 100 year sentence for sexual assault in the first degree. Petitioner also looks to the victim's testimony that Kevin was the person who removed B.C.'s clothing and performed the actual sexual assault. Petitioner ignores the victim's testimony that petitioner held B.C. down to prevent his escape, put his finger into B.C.'s buttocks, and threatened B.C. with violence if the victim told anyone about the crimes. While petitioner fled the jurisdiction before appearing at trial, Kevin timely appeared and entered pleas of guilt to four of the charges against him.

We have previously held as follows:

> Disparate sentences for codefendants are not per se unconstitutional. Courts consider many factors such as each codefendant's respective involvement in the criminal transaction (including who was the prime mover), prior records, rehabilitative potential (including post-arrest conduct, age and maturity), and lack of remorse. If codefendants are similarly situated, some courts will reverse on disparity of sentence alone.

Syl. Pt. 2, *State v. Buck*, 173 W. Va. 243, 314 S.E.2d 406 (1984). While it appears to be undisputed that Kevin was the one who committed the primary sexual assault upon the victim, the record before this Court does not contain sufficient information regarding Kevin's rehabilitative potential or remorse to properly compare the same to the circuit court's judgment of petitioner in terms of sentencing. Thus, we are unable to determine whether the two defendants are similarly situated. However, the record is clear that the two behaved quite differently following indictment and petitioner continues to minimize his role in the victim's sexual assault while Kevin pled guilty and testified against petitioner. Because petitioner's sentence was within statutory limits and this Court lacks sufficient information to determine whether petitioner and his son were similarly situated, we do not find error on this basis.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** February 17, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

6