STATE *ex rel.* GERALD WORKMAN

*v.*

WILLIAM L. FURY, *Judge, etc., et al.*

(No. 15344)

Decided November 6, 1981.

J. Burton Hunter, III, for relator.

Chauncey H. Browning, Attorney General, and James V. Cann, Assistant Attorney General, for respondents.

NEELY, JUSTICE:

Relator, Gerald Workman, is confined in the Lewis County jail (in lieu of $10,000 bond) awaiting trial on an indictment for third degree sexual assault against his thirteen year-old stepdaughter. Relator contends that his right to a speedy trial has been violated. We agree and direct the dismissal of the indictment with prejudice.

Relator was indicted during the November, 1980 term of the circuit court. Shortly after the return of the indictment, he was granted a continuance until the March, 1981 term. He was tried during that term but a mistrial resulted from a hung jury. On 6 April 1981, relator moved that he be retried without delay. The court denied this motion because jury trials traditionally were not conducted during the summer months. A retrial was scheduled for the November, 1981 term. Relator asserts here that the tradition of not conducting June term jury trials fails to constitute good cause for denying him a speedy trial. We agree.

The right to a speedy trial is guaranteed by W. Va. Const., Art. III, §14. *W.Va. Code*, 62-3-21, [1959] is the legislative definition of this constitutional right, *State ex rel. Shorter v. Hey*, No. 15068 (March 17, 1981), and provides that a person is forever discharged from prosecution if not tried within three terms after the return of the indictment unless certain causes for continuance enumerated in the statute are shown.[1] While *W.Va. Code*, 62-3-21,

---

[1] *W.Va. Code*, 62-3-21, provides as follows:
Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent

[1959] establishes the outermost limit of what constitutes a speedy trial under the State Constitution, *W.Va. Code*, 62-3-1, [1981] requires that a defendant be tried in the term in which he is indicted unless good cause for a continuance is shown.[2]

In a series of recent cases, *State v. Lacy*, 232 S.E.2d 519 (W.Va., 1977); *State ex rel. Holstein v. Casey*, 265 S.E.2d 530 (W.Va., 1980); and *State ex rel. Shorter v. Hey*, No. 15068 (March 17, 1981), this Court has wrestled with the speedy trial entitlement. At one point we held that a defendant is entitled to be forever discharged from prosecution if not tried at the term of his indictment unless the record affirmatively demonstrates good cause for delay. *State ex rel. Holstein v. Casey, supra.* In *Shorter*, however, we retreated from this rule in the face of its mechanical impracticality. *Shorter* did not deny the right of a defendant to be tried at the next term of his indictment; it merely overruled *Holstein's* holding that a defendant must be

---

jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict and every person charged with a misdemeanor before a justice of the peace, city police judge, or any other inferior tribunal, and who has therein been found guilty and has appealed his conviction of guilt and sentence to a court of record, shall forever be discharged from further prosecution for the offense set forth in the warrant against him, if after his having appealed such conviction and sentence, there be three regular terms of such court without a trial, unless the failure to try him was for one of the causes hereinabove set forth relating to proceedings on indictment.

[2] *W.Va. Code*, 62-3-1, provides, in part, as follows:

When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term.

forever discharged from prosecution unless the record affirmatively shows good cause for the case to have been continued past the term of indictment. This holding implicitly recognizes the practical limits placed on trial courts.

Since *W.Va. Code*, 62-3-21, [1959] is the statutory articulation of the constitutional right to a speedy trial, we concluded that after three terms there is a burden on the State to show affirmatively on the record that one of the enumerated statutory grounds for further delay is present. However, as *W.Va. Code*, 62-3-1, [1981] provides a personal right to the defendant to be tried more expeditiously than the Constitution requires, the burden is properly upon the defendant to make a record if he is to assert this right or assign error to its denial.[3]

In *Shorter, supra,* we concluded that the determination of what constitutes good cause for a continuance is within the discretion of the trial judge. In syllabus point 4, however, we discussed generally the effect of the lack of good cause in delaying a trial:

> Where the trial court is of the opinion that the State has deliberately or oppressively sought to delay a trial beyond the term of indictment and such delay has resulted in substantial prejudice to the accused, the trial court may, pursuant to *W.Va. Code*, 62-3-1, finding that no good cause was shown to continue the trial, dismiss the indictment with prejudice. . . .

As a corollary to syllabus point 4, we hold that the policy of discouraging avoidable delay is applicable to trial courts as well as prosecutors.

The record in the case before us indicates that the defendant moved vigorously for a speedy trial and the trial court indicated no cause for delay other than the

---

[3] *Shorter v. Hey* (cited in text) was a three to two opinion of this Court with two dissents and two concurring opinions. Consequently, the analysis of that case in this opinion attempts to find common ground among the majority writers on the narrow subject of the application of *Shorter* to the facts of this case.

convenience of the court. In *Shorter*, there was a showing of a congested trial docket as well as a legitimate reason for the judge's unavailability. While illness of the judge, the unavoidable absence of witnesses, or other difficulties beyond the court of litigants' control may, indeed, constitute good cause for a continuance, a refusal as a matter of common practice to conduct jury trials during the June term of court is not good cause, since among other reasons, it is not unavoidable.

The irony of the relator's situation is that, if convicted, he may be sentenced to only one to five years in the penitentiary. If found innocent, however, he will have served already the minimum sentence to which he would have been subjected upon conviction. If that is not "prejudice," we are at a loss to understand the definition of the word. Accordingly, we hold that the indictment against the relator must be dismissed.

For the reasons stated, the writ of habeas corpus heretofore issued is made final, the relator is discharged from custody and the indictment against the relator is ordered dismissed with prejudice.

*Writ awarded.*