303 S.E.2d 255

**James E. PITSENBARGER**

v.

**The Honorable Jack R. NUZUM, Judge of the Circuit Court of Randolph County, West Virginia.**

No. 15868.

Supreme Court of Appeals of West Virginia.

May 24, 1983.

Bowles, McDavid, Graff & Love and Ricklin Brown, Charleston, for petitioner.

Chauncey H. Browning, Jr., Atty. Gen. and Gregory W. Bailey, Deputy Atty. Gen., Charleston, for respondent.

NEELY, Justice:

In this case we are asked to invoke our original jurisdiction and, by writ of prohibition, prohibit the respondent judge from going forward with petitioner's criminal trial. The petitioner, James E. Pitsenbarger, contends that the action of the Honorable Jack R. Nuzum, Judge of the Circuit Court of Randolph County, in continuing petitioner's case over petitioner's objection, violates his right to a speedy trial and the guarantee provided by *W.Va.Code*, 62-3-1 [1981].

*W.Va.Code*, 62-3-21 [1959] is the legislative definition of the constitutional right to a speedy trial, and provides that a person is forever discharged from prosecution if not tried within three terms of court after return of a criminal indictment, unless certain causes for continuance enumerated in the statute are shown. *State ex rel. Workman v. Fury*, 168 W.Va. 218, 283 S.E.2d 851 (1981). Since the three-term rule established in *W.Va.Code*, 62-3-21 [1959], has not been violated, petitioner's only claim falls under the speedy trial guarantee of *W.Va.Code*, 62-3-1 [1981].

The record indicates that the petitioner, along with two others, was indicted on 12 November 1982 on a charge of embezzlement by a special grand jury convened in Randolph County. Mr. Pitsenbarger appeared before the Randolph County court on 6 December 1982 to enter a plea of not guilty, and to file discovery motions and a motion to sever his trial. These motions were granted, and a trial was set for Mr. Pitsenbarger on 6 January 1983. On 27 December 1982, petitioner's motion to dismiss the indictment was heard and denied by Judge Nuzum. At that hearing petitioner Pitsenbarger then requested a continuance into the January Term of court. This motion was granted and the trial was continued generally.

Subsequently, a letter dated 24 February 1983 was sent from petitioner's Elkins co-counsel to his Charleston co-counsel, the complete text of which is as follows:

I talked today with Judge Nuzum, as you requested, to try to anticipate a trial date in the Pitsenbarger case. The judge agreed to schedule the matter for trial on April 5, 1983.

I assume we can begin to make plans with witnesses for this date, and I will follow the docket here and keep you advised.

Judge Nuzum recalls writing the date down in his calendar, but never contacted

the prosecutor. The practice in Randolph County is apparently for the judge to consult with the prosecutor as well as defense counsel concerning the dates for criminal trials. Unaware of this, petitioner's counsel proceeded on the basis of the telephone call and letter, a copy of which was apparently sent to the prosecutor. However, counsel never confirmed the date with the prosecutor, nor obtained an order setting the trial date. At a hearing before the court on 4 April 1983 it first became apparent to petitioner's counsel that neither the judge nor the prosecutor was planning to try petitioner the following day. As of this point petitioner had filed no motion requesting a speedy trial.

The problem in his case is, in essence, an administrative foul-up caused by a failure of communication. The responsibility for the problem is not exclusively petitioner's, but is shared among the petitioner, the prosecutor and the judge. The error of the State, however, does not amount to the deliberate or oppressive delay that will trigger *Code*, 62–3–1 [1981], syl. pt. 4, *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981).

*Shorter* was a retreat from *State ex rel. Holstein v. Casey*, 164 W.Va. 460, 265 S.E.2d 530 (1980), in recognition of the "mechanical impracticality" of a rule requiring a defendant to be "forever discharged from prosecution unless the record affirmatively shows good cause for the case to have been continued past the term of indictment." *State ex rel. Workman v. Fury*, 168 W.Va. 218, 283 S.E.2d 851, 853 (1981). In *Workman*, this writer, writing for the Court, held that the burden is on the defendant to make a record if he wishes to assert his right to a speedy trial under *Code*, 62–3–1 [1981].

Today's case presents exactly the type of situation that concerned this Court in *Shorter* and *Workman*, and dictated our retreat from the *Holstein* rule. In this case the petitioner has not shown that the State was without good cause to continue the trial from its tentative date the following day. He has not shown that the confusion over the date was not his own responsibility. He has not shown substantial prejudice arising from the delay. He has not shown that he was even interested in a quick trial, in that he never filed any kind of motion requesting a speedy trial until he made objection to the 31 May trial date at the 4 April hearing. This is a situation where a defendant has shown no interest of record in an immediate trial, yet attempts to take advantage of confusion partly his own, which causes him no substantial prejudice, to relieve himself of jeopardy to criminal charges.

The writ prayed for by petitioner forever barring his prosecution on these charges because of the circuit court's failure to provide him with a speedy trial, is therefore denied.

Writ denied.