331 S.E.2d 873

**STATE of West Virginia**

v.

**Lloyd Burns LAMBERT.**

No. 16254.

Supreme Court of Appeals of
West Virginia.

Submitted April 30, 1985.

Decided June 18, 1985.

---

which the petition is brought, and thus afford a reasonable opportunity to prepare a rebuttal, the child neglect petition is legally sufficient.

The appellants in the case before us were not hindered or prejudiced in any manner in the preparation of their case.

Hugh Rogers, Jr., Kerens, for appellant.

Catherine McMullen, Asst. Atty. Gen., Charleston, for appellee.

**144**

PER CURIAM:

The defendant, Lloyd Burns Lambert, was convicted of aiding in concealing stolen property in the Circuit Court of Randolph County. On appeal he makes three assignments of error: (1) that he was denied his right to a speedy trial; (2) that the evidence adduced during trial was insufficient to support his conviction; and (3) that certain statements, and the fruits of those statements, were improperly admitted into evidence during trial. Our examination of the record reveals no reversible error, and we affirm the defendant's conviction.

On the night of May 16, 1981, thieves broke into the Solo gas station at Elkins, West Virginia, and stole a number of items. The police were later notified that Donald Beckett and the defendant were attempting to sell property which matched the description of items reportedly taken. After investigating the report, the police arrested the defendant.

On September 15, 1981, during the September 1981 Term of the Circuit Court of Randolph County, the defendant and two other individuals, Eugene Brewer and Donald Beckett, were jointly indicted for breaking and entering. Brewer was later extradited to Colorado for parole violation. Beckett was tried and convicted on an unrelated armed robbery charge. The State did not proceed on the breaking and entering indictment against the defendant, and that indictment was nolle prosequied.

On April 20, 1982, a second indictment, which charged the defendant with aiding in the concealment of stolen property, was returned by a grand jury in Randolph County. The defendant was tried on that indictment on December 1 and 2, 1982, during the September 1982 Term of the Circuit Court of Randolph County.

I.

The defendant's first assertion on appeal is that he was denied his right to a speedy trial.

■ Two West Virginia statutes govern the question of when a criminal defendant should be tried. The first, *W.Va.Code*, 62–3–1, establishes what is often called the "One Term Rule." The second, *W.Va. Code*, 62–3–21, establishes the "Three Term Rule." In Syllabus point 1 of *State ex rel. Shorter v. Hey*, 170 W.Va. 249, 294 S.E.2d 51 (1981), the Court explained that the "Three Term Rule," rather than the "One Term Rule" contains the Legislative pronouncement of what constitutes a speedy trial:

Whereas *W.Va.Code*, 62–3–1, provides a defendant with a statutory right to a trial in the term of his indictment, it is *W.Va.Code*, 62–3–21, rather than *W.Va. Code*, 62–3–1, which is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of *U.S. Const.*, amend. VI, and *W.Va. Const.*, art. III, § 14. *State ex rel. Smith v. DeBerry*, 146 W.Va. 534, 538, 120 S.E.2d 504, 506 (1961).

The "Three Term Rule" requires that every person charged by presentment or indictment be forever discharged from prosecution unless he is tried within three regular terms after the presentment was made or the indictment was returned, unless the failure to try him was caused by some delay attributable to him. Under the statute the term at which the indictment is returned is not to be counted against the State. *State ex rel. Rogers v. Casey*, 166 W.Va. 179, 273 S.E.2d 356 (1980).

There are three regular terms of the Circuit Court of Randolph County. Those terms commence on the third Tuesday in September, the third Tuesday in January, and the third Tuesday in April. *W.Va. Code*, 51–2–1t.

■ The defendant in the case presently before the Court was originally indicted for breaking and entering on September 15, 1981, during the September 1981 Term of the Circuit Court of Randolph County. Under the formula for calculating the three-term limitation, that term does not count against the State. The original indictment was nolle prosequied, and he was reindicted. He was tried on the second indictment on December 1 and 2, 1982, during the September 1982 Term. Even assuming, *arguendo*, that the three-term period com-

menced running from the time of the first indictment, only two full terms which counted against the State passed before trial. Since only two terms passed, he was not discharged from prosecution under the "Three Term Rule."

In *State ex rel. Shorter v. Hey, supra,* the Court recognized that under the "One Term Rule" trial ordinarily should occur during the term in which the indictment is returned, but the trial court may continue the case for good cause. Syllabus point 2 of *Shorter* indicates that the determination of what is good cause is in the discretion of the trial court.

> The determination of what is good cause, pursuant to *W. Va. Code,* 62–3–1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court, and when good cause is determined a trial court may, pursuant to *W. Va. Code,* 62–3–1, grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion.

In later cases the Court recognized that when a defendant seeks a reversal of his conviction for the failure of the trial court to try him during the term in which he is indicted, the burden is upon him to show that trial was continued without good cause. As stated in Syllabus point 2 of *Pitsenbarger v. Nuzum,* 172 W.Va. 27, 303 S.E.2d 255 (1983):

> Under *W. Va. Code,* 62–3–1 [1959], which provides a personal right to criminal defendants to be tried more expeditiously than the Constitution requires, the burden is on the party seeking this statutory protection to show that the trial was continued without good cause.

The defendant in the case now before the Court has failed to establish that the trial court continued his case without good cause.

### II.

In the course of the defendant's trial the State introduced evidence showing that over four thousand packs of cigarettes, candy bars, soft drinks and a number of other items were taken from the Solo station at Elkins. Paul Junior Barb, a witness for the State, testified that Donald Beckett and the defendant together tried to sell him cigarettes on the night after the break-in. He indicated that he did not smoke and had no use for the cigarettes. On the following night Beckett and the defendant again approached him and attempted to sell cigarettes. Charlotte Larson, another witness for the State, testified that shortly after May 16, 1981, she had been with a relative of the defendant at the Solo station when Donald Beckett and the defendant drove up and asked if she had seen the paper. She went after a paper, and when she returned the defendant indicated that he and Beckett had committed the break-in. Trooper Terrance M. Snodgrass testified that while going to the police station, the defendant directed him to where the stolen property was concealed.

The defendant did not take the stand in his own defense, but called a number of witnesses who indicated that he was crippled and that he drank heavily, and who suggested that Paul Junior Barb had lied under oath.

The defendant's second assertion on appeal is that the evidence adduced during trial was insufficient to support his conviction.

In Syllabus point 7 of *State v. Hall,* 171 W.Va. 212, 298 S.E.2d 246 (1982), the Court stated the test to be applied in determining whether the evidence in a criminal trial supported the verdict:

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the defendant beyond a reasonable doubt. The evidence is to be viewed in the light most favorable to the prosecution. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done." Syllabus point 1, *State v. Starkey,* 161 W.Va. 517, 244 S.E.2d 219 (1978).

■ The evidence in the case presently before the Court was that certain property was stolen from the Solo station in Elkins, West Virginia. The defendant ultimately directed the police to where the property was concealed. The testimony of Charlotte Larson indicated that the defendant was aware of the break in and that he was associated with it. Junior Barb testified that the defendant and Donald Beckett had attempted to sell him cigarettes on the night following the break-in.

When viewed in the light most favorable to the prosecution, this evidence demonstrates that the defendant was aware of the break-in and was privy to the concealment of the property taken. From it, it may be clearly inferred that the defendant aided in the concealment of the property and did so with a dishonest purpose. The Court is of the opinion that the evidence, although circumstantial, was not manifestly inadequate to support the jury's verdict or that injustice has been done.

### III.

The defendant's third assertion on appeal is that the trial court erred in admitting into evidence certain statements which the State failed to disclose on discovery prior to trial. He also contends that the trial court erred in admitting the fruits of an oral statement which the defendant made to the police.

On November 18, 1982, the defendant filed a motion for discovery with the trial court. In that motion he moved that the State be required to disclose any statements, oral or written, which the State intended to use as evidence during trial. The trial court granted the motion, but during trial a dispute arose over what the discovery order covered. Subsequently, certain witnesses testified regarding the content of certain oral statements made by the defendant to them.

Rule 16(a)(1)(A) of the West Virginia Rules of Criminal Procedure, which governs pre-trial discovery, provides in relevant part:

Upon request of a defendant the State shall permit the defendant to inspect and copy ... the substance of any oral statement which the State intends to offer in evidence at the trial made by the defendant whether before or after arrest ...

This differs from the Federal rule covering the same point in that the Federal rule limits the disclosure requirement to: "... any oral statement which the government intends to offer in evidence at the trial made by the defendant whether before or after arrest in response to interrogation by any person then known to the defendant to be a government agent ..." Fed.R. Crim.P. 16(a)(1)(A). In view of the difference between the West Virginia and the Federal rules, the Court is of the opinion that West Virginia decisions rendered prior to the adoption of the West Virginia Rules of Criminal Procedure should be given weight in applying the West Virginia rule.

■ In Syllabus point 2 of *State v. Grimm*, 165 W.Va. 547, 270 S.E.2d 173 (1980), decided before adoption of the West Virginia Rules of Criminal Procedure, the Court said:

When a trial court grants a pre-trial discovery motion requiring the prosecution to disclose evidence in its possession, non-disclosure by the prosecution is fatal to its case where such non-disclosure is prejudicial. The non-disclosure is prejudicial where the defense is surprised on a material issue and where the failure to make the disclosure hampers the preparation and presentation of the defendant's case.

The defendant's brief first focuses on a statement made by the defendant to Paul Junior Barb prior to trial. Barb testified at trial: "They [Beckett and the defendant] tried to sell me cigarettes in there ... Both defendants came to me, Lloyd Burns Lambert and Buddy Beckett." This statement had not been disclosed on discovery.

■ The State provided defense counsel with a list of possible witnesses before trial. Also before Paul Junior Barb testified before the jury he indicated in an *in camera* hearing that Buddy Beckett and the defendant had attempted to sell him cigarettes on May 17. The record indicates

that defense counsel was adequately advised that Mr. Barb was a potential witness for the State and that he had an adequate opportunity to interview the witness and ascertain the character of his testimony. The circumstances do not indicate prejudicial surprise which justifies the reversal of the defendant's conviction.

 The defendant also complains that the State attempted to introduce an oral statement that the defendant made to Trooper Snodgrass. That statement, like the Barb statement, had not been revealed on discovery. The trial court refused to allow Trooper Snodgrass to testify as to the statement but did allow him to testify that the defendant directed him to where the stolen property was concealed. The essential points in the oral statement were covered by a written confession in which the defendant stated that he had taken Trooper Snodgrass and Trooper Jordan to the area where the stolen property was concealed. Since defense counsel had received a copy of this confession prior to trial, he could not have been surprised by the oral statement during trial.

Since it does not appear that reversible error was committed in this case, the judgment of the Circuit Court of Randolph County is affirmed.

Affirmed.