390 S.E.2d 9

**STATE ex rel. Jim WEBB**

v.

**Honorable Ronald E. WILSON, Special Judge of the Circuit Court of Mingo County, and Donald J. Tennant, Jr., Special Prosecuting Attorney of Mingo County.**

**and**

**STATE ex rel. Hugh WELLMAN**

v.

**Honorable Ronald E. WILSON, Special Judge of the Circuit Court of Mingo County, and Donald J. Tennant, Jr., Special Prosecuting Attorney of Mingo County.**

**Nos. 19276, 19279.**

Supreme Court of Appeals of West Virginia.

Feb. 15, 1990.

Rudolph L. di Trapano, Lonnie C. Simmons, Di Trapano & Jackson, Charleston, for Jim Webb.

Ronald E. Wilson, Sp. Judge of the Circuit Ct. of Mingo County, New Cumberland, Donald Tennant, Jr., Sp. Pros. Atty., Wheeling, for Honorable Ronald E. Wilson.

Lafe C. Chafin, Barrett, Chafin, Lowry & Hampton, Huntington, for Hugh Wellman.

McHUGH, Justice:

The issue in this case involves *W. Va. Code*, 62–3–21 [1959], the three-term rule, which implements an accused's constitutional right to a speedy trial, contained in article III, § 14 of the *West Virginia Constitution*,[1] and reads, in pertinent part:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial[.][2]

In consolidated writs of prohibition filed by petitioners Jim Webb and Hugh Wellman, the petitioners, two of numerous persons indicted for offenses resulting from a political corruption investigation in Mingo County, West Virginia (Mingo County indictees), ask this Court to prohibit the state from further proceeding on the charges contained in the indictments returned

---

**1.** Article III, § 14 of the *West Virginia Constitution* provides, in pertinent part, that "[t]rials of crimes, and misdemeanors, ... shall be ... without unreasonable delay[.]"

**2.** The statute continues by specifically enumerating those instances in which the three-term rule may be suspended:

[U]nless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict[.]

We have previously referred to these statutorily enumerated instances as exceptions to the rule that an accused must be tried within "three unexcused regular terms of court." Syl. pt. 1, *State ex rel. Spadafore v. Fox,* 155 W.Va. 674, 186 S.E.2d 833 (1972). The state admits on appeal that none of the statutorily enumerated exceptions applies to the petitioners' cases. Therefore, consistent with *Spadafore,* and for ease of reference, we will refer to the rule applying to the petitioners as requiring trial within "three unexcused regular terms of court."

against them, because of the alleged violation of the three-term rule.[3]

The undisputed facts before the Court are that each of the petitioners was indicted in the September, 1987 term of court, specifically, on October 26, 1987, for his alleged role in the corruption investigation.[4]

In the April, 1989 term, specifically, on June 30, 1989, *after* more than three unexcused regular terms of court had expired, the indictments were dismissed as void due to an improperly impanelled grand jury.[5]

In the April, 1989 term, specifically, on July 18, 1989, the petitioners were reindicted for the same charges alleged in the original, September, 1987 term indictments. Four unexcused regular terms of court had lapsed, beginning with the January, 1988 term, since the original, September, 1987 indictments were returned against the petitioners, and they had not been brought to trial.[6]

The sole issue before the Court in this proceeding is whether the state may reindict an accused after three unexcused regular terms of court have expired, without bringing the accused to trial on the original indictment because, *after* the three unexcused regular terms of court had expired on the original indictment, the original indictment was dismissed as void. We conclude that the plain meaning of *W.Va. Code*, 62–3–21 [1959] mandates that the

state's failure to bring an accused to trial within three unexcused regular terms of court bars the state from further prosecution of the charges contained in the indictment, and we therefore grant the writs.

Both of these petitions stem from the political corruption investigation in Mingo County, West Virginia, discussed in detail in *State v. Adkins*, 182 W.Va. 443, 388 S.E.2d 316 (1989). As discussed in *Adkins*, numerous local political personalities in Mingo County were investigated by state authorities in the late 1980's. As a result of the widespread county investigation, a special grand jury was impanelled which returned numerous indictments, and numerous special judges were appointed by this Court.

Three special judges eventually presided over three groups of Mingo County indictees' motions to dismiss the original indictments based on *W.Va.Code*, 62–3–21 [1959]. None of the Mingo County indictees was tried within the time constraints of the three-term rule. *After* three unexcused regular terms of court had expired, each of the original indictments was dismissed. These dismissal orders were based, not on the three-term rule, but on the manner in which the grand jury was impanelled. Because the grand jury was irregularly impanelled, the indictments were dismissed as void. *See Adkins.* Again, it is critical to note that the original

---

3. In *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 168, 169 S.E.2d 106, 112, *cert. denied*, 396 U.S. 986, 90 S.Ct. 482, 24 L.Ed.2d 451 (1969), we noted that when an accused alleges that the state failed to prosecute within the time constraints of *W.Va.Code*, 62–3–21, "prohibition is a proper proceeding in the circumstances of this case. *State ex rel. McCormick v. Hall*, 150 W.Va. 385, 146 S.E.2d 520 (1966)." *See also State v. Crawford*, 83 W.Va. 556, 560, 98 S.E. 615, 617 (1919) (the remedy provided by the three-term rule is the "right to be discharged, not mandamus to obtain such a trial"). *Cf. Ex parte Chalfant*, 81 W.Va. 93, 95, 93 S.E. 1032, 1033 (1917) (holding of an accused beyond three unexcused terms of court without trial is unlawful).

4. Petitioners Webb and Wellman were each separately charged in a three count indictment with forgery of a public record (deed), *W.Va.Code*, 61–4–1 [1931]; aiding and abetting [in the forgery and altering of a public record (deed)],

*W.Va.Code*, 61–3–22 [1931], and bribery of a public official, *W.Va.Code*, 61–5A–3 [1970].

5. *W.Va.Code*, 51–2–1dd [1976] provides that the terms of court in the Circuit Court of Mingo County begin "on the third Monday in January, April and September."

Petitioners were indicted and remanded for trial in the September, 1987 term. This term is not counted in determining whether three terms have expired. Syl. pt. 1, *State ex rel. Spadafore v. Fox*, 155 W.Va. 674, 186 S.E.2d 833 (1972).

Therefore, beginning with the January, 1988, term, *four* terms of court had lapsed before the original indictments were voided: the January, April, and September, 1988 terms, and the January, 1989 term.

6. The second set of indictments was returned on July 18, 1989, which was during the April, 1989 term; therefore, four terms of court had lapsed. *See supra* note 5.

indictments were not dismissed until *after* three unexcused regular terms of court had lapsed.

Because the original indictments were dismissed as void due to the grand jury irregularity, rather than being dismissed under *W.Va.Code*, 62–3–21 [1959], the state assumed it could reindict all of the original Mingo County indictees for the same offenses alleged in the original indictments. There was a further assumption that there would be three additional, unexcused regular terms of court, running from the return of the second set of indictments, in which to bring the Mingo County indictees to trial. Relying on language contained in *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 169 S.E.2d 106, *cert. denied*, 396 U.S. 986, 90 S.Ct. 482, 24 L.Ed.2d 451 (1969) (discussed *infra*), the state reindicted the Mingo County indictees on the same charges contained in the original indictments.

Each of the Mingo County indictees again made motions to dismiss the second set of indictments. As they had contended in their motions to dismiss the original indictments, they again contended that three unexcused regular terms of court had lapsed on the original set of indictments. Therefore, they contended the subsequent dismissal of the original indictments, on the basis that they were void because of the grand jury irregularity, had no effect on their right to dismissal under *W.Va.Code*, 62–3–21 [1959]. That right had already accrued at the end of the third unexcused regular term of court from the original indictments and was preserved by their motions to dismiss the original indictments based on the three-term rule. The Mingo County indictees further noted that *Farley* concerned the entry of a dismissal order of an indictment *prior to* the expiration of three unexcused regular terms of court.

Therefore, it was inapplicable to their cases and the state was barred under the plain meaning of *W.Va.Code*, 62–3–21 [1959] from reindicting on the same offenses.

Of the three special judges who heard the numerous motions to dismiss the second set of indictments, only one special judge, Ronald Wilson, denied the petitioners' motion to dismiss.[7] In doing so, he adopted the state's contention that the state may reindict an accused after three unexcused regular terms of court have lapsed, without bringing the accused to trial on the charges contained in the original indictment, because the original indictments were dismissed as *void*.

Respondent Wilson then scheduled the petitioners for trial. The order was stayed pending this petition.

In the petitioners' cases we are now asked to directly address that which we implied in *State v. Adkins*, 182 W.Va. 443, 388 S.E.2d 316 (1989). Specifically, if an indictment is dismissed as void *after* three unexcused regular terms of court from its return against an accused, may the state reindict the accused for the same offense under *W.Va.Code*, 62–3–21 [1959]? The answer is now explicitly no.

In *Adkins*, we tacitly ruled that *W.Va. Code*, 62–3–21 [1959], the three-term rule, is activated by an indictment, regardless of whether the indictment is subsequently dismissed.

*Adkins* was an appeal by the state from the dismissal orders entered by Special Judge Robert Halbritter. Judge Halbritter presided over another group of Mingo County indictees who also made motions to dismiss, due to the three-term rule. *See supra* note 7. When the state filed the appeal, the group of Mingo County indictees in *Adkins* filed with this Court a mo-

---

7. Special Judge Robert Halbritter presided over the motion to dismiss another group of indictments involved in *State v. Adkins*, 182 W.Va. 443, 388 S.E.2d 316 (1989), and dismissed them based upon *W.Va.Code*, 62–3–21 [1959] on June 3, 1989. This Court affirmed the dismissal order in *Adkins*.

Special Judge Thomas Canterbury presided over the motion to dismiss another group of indictments and dismissed them based on *W.Va. Code*, 62–3–21 [1959] on September 28, 1989. *State v. Adkins*, 182 W.Va. at 444 n. 2, 388 S.E.2d at 318 n. 2.

Special Judge Ronald Wilson presided over the petitioners' motion to dismiss, pursuant to *W.Va.Code*, 62–3–21 [1959], and denied that motion on October 13, 1989.

tion to dismiss the appeal as improvidently granted, based on the state's limited right to appeal criminal cases.[8]

Rather than granting the indictees' motion to dismiss the appeal as improvidently granted, this Court in *Adkins*, without extended discussion, treated the case as an appeal and affirmed Judge Halbritter's ruling,[9] holding that:

> W.Va.Code § 58–5–30 forbids an appeal by the State from an order dismissing an indictment unless that indictment could be categorized as 'bad or insufficient.' It is undisputed that the 1989 special grand jury [resulting in the second set of indictments] was properly impaneled and the indictments were valid. Judge Halbritter's 1989 dismissal orders were based upon the State's failure to prosecute the 1988 indictments [the first set of indictments] within the three terms required by statute. Consequently, because the superseding indictments occurred in the fourth term of the original 1988 indictments, and the 1989 indictments that are the subject of this action were the same charges brought in the 1988 indictments, we have no choice but to affirm the dismissal orders. To hold otherwise would allow the State to simply circumvent the three term rule by securing superseding indictments.

*Adkins*, 182 W.Va. at 447, 388 S.E.2d at 320–21 (footnote omitted).

We also stated in note 11 of *Adkins*: "Superseding indictments involving the same charges which occur in the fourth term after the original indictment will not toll the three term statute unless the State can show an exception to the rule set out in W.Va.Code § 62–3–21."

The state contends in this case that because the dismissal of the original indictments was on the basis that they were void from the inception, although the dismissals were *after* three unexcused regular terms of court, reindictment for the same offense is proper based on the Court's holding in *State ex rel. Farley v. Kramer*, 153 W.Va. 159, 169 S.E.2d 106, *cert. denied*, 396 U.S. 986, 90 S.Ct. 482, 24 L.Ed.2d 451 (1969). In *Farley* the Court held that the state may reindict an accused for the same offenses upon which previous indictments were originally returned against an accused, when the original indictments were dismissed as void *within the time constraints of W.Va. Code, 62–3–21 [1959]*.

In *Farley*, the following language appears:

> The statute involved in this case applies to a person charged by presentment or indictment with a felony or misdemeanor, 'and remanded to a court of competent jurisdiction for trial,....' The word 'remanded' means 'held' to a court of competent jurisdiction 'for trial'. If there is no pending presentment or indictment for a felony, obviously the accused is not held for trial.

153 W.Va. at 173, 169 S.E.2d at 115.

If, therefore, an order dismissing an indictment is entered *before* the expiration of

---

**8.** *W.Va.Code*, 58–5–30 [1931] allows the state to appeal a judgment that an indictment is "bad or insufficient." On appeal, in *Adkins*, the state contended that it could appeal the ruling because the effect of the dismissal order was that the second set of indictments was "bad," because under Judge Halbritter's reasoning, the second set of indictments against each of the indictees was invalid from the inception, as the three-term rule applied to void the first set of indictments and, therefore, barred the state from reindicting.

**9.** As indicated in *Adkins*, the reason the second set of indictments against each of the indictees was dismissed was not due to being "bad or insufficient," but rather due to the state's failure to prosecute the first set of indictments within the time constraints of *W.Va.Code*, 62–3–21

[1959], which requires the court to "forever discharge[ ]" the accused for the enumerated offense. Therefore, the order was not appealable. *See State ex rel. Maynard v. Bronson*, 167 W.Va. 35, 277 S.E.2d 718 (1981), wherein we concluded that prohibition is not a proper remedy for *the state* to challenge the dismissal of indictments due to the state's failure to bring an accused to trial within the 180-day period specified in the "Agreement on Detainers," *W.Va. Code*, 62–14–1 [1971]. Noting the long-held view that prohibition may not be substituted for an appeal, unless an appeal provided an inadequate remedy, we denied the writ because "nothing in the case ... involves ... whether, under *W.Va.Code*, 58–5–30, the indictments of the accused were 'bad or insufficient.'" *Maynard*, 167 W.Va. at 43, 277 S.E.2d at 722–23.

the time constraints contemplated by *W.Va.Code*, 62–3–21 [1959], the state could ordinarily proceed to obtain another indictment for the same offense. Conversely, if a dismissal order is entered *after* the expiration of such time constraints, the clear language of *W.Va.Code*, 62–3–21 [1959] precludes another indictment for the same offense, and a person "shall be forever discharged from prosecution for the offense."

The *Farley* holding was foreshadowed in *State v. Crawford*, 83 W.Va. 556, 560, 98 S.E. 615, 617 (1919): "By a dismissal *before* the right [created by the three-term rule] of discharge vests, the state may always save its right to prosecute on a new indictment[.]" (emphasis added)[10] However, as indicated in syllabus point 2 of *Crawford:*

> One in whom such right [to dismiss due to the state's failure to prosecute within three unexcused terms of court] has so vested is entitled to a discharge from prosecution on a second indictment for the same offense, returned several years after the vesting thereof, such dismissal and reindictment being in contravention of the spirit and purpose of the statute.

As previously indicated in *Adkins* and conceded by the state on appeal, the state did not move to dismiss the original indictments within the three unexcused regular terms of court:

> Nor did the State explain why it waited so long to dismiss the clearly 'bad' 1988 indictments and reconvene the Special Grand Jury to reindict the defendants properly. Compounding the problem is the speculation that the State's purpose in the delay was to prolong the embarrassment and humiliation attendant to criminal prosecution. *See United States v. Wilson*, 420 U.S. 332, 343, 95 S.Ct. 1013, 1022, 43 L.Ed.2d 232, 241 (1975). The speedy trial guarantee in both the

Constitutions of the United States and West Virginia was meant to prevent such an abuse of power.

*Adkins*, 182 W.Va. at 448, 388 S.E.2d at 321–22.

This Court has recognized that we are within a minority of jurisdictions which construe their statutes concerning the time limitations for trial in a manner that best safeguards the constitutional right to a speedy trial, by placing the burden on the state to provide a prompt trial or to establish one of the statutorily enumerated exceptions. *Farley*, 153 W.Va. at 171, 169 S.E.2d at 114. *See also* syl. pt. 1, *State v. Lacy*, 160 W.Va. 96, 232 S.E.2d 519 (1977). *See generally* annotation, *Application of Speedy Trial Statute to Dismissal or Other Termination of Prior Indictment or Information and Bringing of New Indictment or Information*, 39 A.L.R.4th 899 (1985).

 Consistent with *Farley*, in regard to dismissal of indictments, we hold that *W.Va.Code*, 62–3–21 [1959] limits the state to three unexcused regular terms of court, calculated in accordance with *State ex rel. Spadafore v. Fox*, 155 W.Va. 674, 186 S.E.2d 833 (1972), in which to bring an accused to trial on the charges contained in an indictment. Once three unexcused regular terms of court have lapsed, and the state has failed to bring the accused to trial on the charges contained in the indictment, the state may not further proceed on the charges contained in the indictment, for, under the plain meaning of the statute, the accused must be "forever discharged" and the indictment dismissed. Once an accused is indicted, an entire panoply of constitutional rights attaches, including the right to trial without unreasonable delay, as implemented by *W.Va.Code*, 62–3–21 [1959], regardless of whether the indictment is dismissed as void after three unexcused regular terms of court.

---

**10.** We note some caution on the application of this statement. For example, the dismissal of an indictment prior to the expiration of three unexcused regular terms of court may not completely safeguard the state from a finding that the state nonetheless violated the spirit of the three-term rule, thus barring the state from reindicting an accused. *See State ex rel. Wren v. Wood*, 156 W.Va. 32, 190 S.E.2d 479 (1972), relying on *Crawford* and *Farley*. *See also Farley*, 153 W.Va. at 175, 169 S.E.2d at 116 (Haymond, J., dissenting) (relying primarily on *Crawford*).

■ In this case the state, without excuse, failed to move for dismissal of the original indictments within three unexcused regular terms of court. Therefore, the indictees were held for trial beyond three regular unexcused terms, which is prohibited under a plain reading of *W. Va. Code*, 62–3–21 [1959]. The fact that the indictments were *subsequently* dismissed as void, after three unexcused terms of court had passed, could not allow the state to reindict the petitioners.

A contrary ruling would allow the state "to do indirectly what it cannot do directly." *State v. Crawford*, 83 W.Va. 556, 560, 98 S.E. 615, 617 (1919). Accordingly, the writs of prohibition are granted.

Writs granted.