400 S.E.2d 567

Michael LEWIS

v.

Honorable Patrick G. HENRY, III,
Judge of the Circuit Court of
Berkeley County.

No. 19852.

Supreme Court of Appeals of
West Virginia.

Dec. 13, 1990.

---

**7.** In *Thacker v. Tyree, supra,* we essentially abolished the doctrine of *caveat emptor* in residential real estate sales.

James B. Lees, Jr., Hunt and Wilson, Charleston, for Michael Lewis.

Patrick G. Henry, III, Judge, Circuit Court, Martinsburg, pro se.

PER CURIAM:

In this original proceeding in mandamus, the relator, Michael Lewis, seeks to compel the Circuit Court of Berkeley County either to dismiss the charges pending against him or to schedule an immediate trial. Mr. Lewis' main contention is that the delay of his trial violates the one-term rule under *W.Va.Code*, 62–3–1 [1981] and his constitutional right to a speedy trial. We conclude that Mr. Lewis is not entitled to a writ of mandamus.

On February 21, 1990 Mr. Lewis was arrested and charged with aiding and abetting in the murder of his wife, Sharon Lewis. Mr. Lewis was immediately incarcerated and bail was denied. On March 7, 1990 this Court set bail at $250,000. Mr. Lewis was released on March 15, 1990 after this Court, by supplemental order, clarified the terms and conditions of bail. Mr. Lewis remains free on bond.

On May 16, 1990, a Berkeley County grand jury indicted Mr. Lewis, charging him with aiding and abetting in the murder of Mrs. Lewis. At his arraignment on May 18, 1990, Mr. Lewis pled not guilty to the indictment and demanded a trial within the May term. Trial was set for August 21, 1990.

On August 8, 1990, the prosecution requested that the August 21, 1990 trial date be continued because some of the forensic testing requested by the prosecution would not be completed until at least September 15, 1990. At a hearing on August 20, 1990, the respondent, the Honorable Patrick G. Henry, III, Judge of the Circuit Court of Berkeley County, continued the trial to allow the prosecution to receive the forensic evidence.

On October 19, 1990, because all available trial dates in the October term were assigned, Judge Henry ordered Mr. Lewis to appear at the February 21, 1991 docket call.[1] Mr. Lewis, by counsel, objected and again demanded an immediate trial. On October 31, 1990, Mr. Lewis, by counsel, unsuccessfully sought an agreement with the prosecution to hold Mr. Lewis' trial on the first trial date that became available.

### I.

Mr. Lewis' primary argument is that he was deprived of his right to a speedy trial under *W.Va.Code*, 62–3–1 [1981], commonly known as the one-term rule.[2] In Syllabus Point 7, *Good v. Handlan*, 176 W.Va. 145, 342 S.E.2d 111 (1986), we recognized that the one-term rule is not limited to the term of the indictment:

> W.Va.Code, 62–3–1, is not limited to the term of court at which an indictment is returned, but is applicable to any term of court in which an accused asserts his right to a prompt trial. Where such right is asserted, the accused must be tried during that term unless good cause can be shown for a continuance.

Syllabus Point 1, *Keller v. Ferguson*, 177 W.Va. 616, 355 S.E.2d 405 (1987).

■ The one-term rule is not a right of constitutional dimension, but "provides a

---

1. Under *W.Va.Code*, 51–2–1 [1931], the three regular annual terms for Berkeley County commence on the third Tuesday in February, May and October.

2. *W.Va.Code*, 62–3–1 [1981], provides in pertinent part:

When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term.

personal right to the defendant to be tried more expeditiously than the Constitution requires." *State ex rel. Workman v. Fury,* 168 W.Va. 218, 221, 283 S.E.2d 851, 853 (1981); *Keller, supra,* 177 W.Va. at 618, 355 S.E.2d at 407.[3]

Rather, *W.Va.Code,* 62–3–21 [1959] provides the "statutory method of guaranteeing the constitutional right to a speedy trial found in Article III, § 14 of the West Virginia Constitution, as well as a legislative declaration of what is a reasonable and proper delay in bringing an accused to trial. [Citation omitted]." *State v. Adkins,* 182 W.Va. 443, 388 S.E.2d 316, 318 (1989).[4] *See also State ex rel. Webb v. Wilson,* 182 W.Va. 538, 390 S.E.2d 9 (1990).

■ In *State ex rel. Shorter v. Hey,* 170 W.Va. 249, 294 S.E.2d 51, 59 (1981), we held that "a defendant, pursuant to *W.Va. Code,* 62–3–1, has a statutory right to trial in the term of his indictment, subject to a possible continuance for good cause." The determination of what is good cause pursuant to *W.Va.Code,* 62–3–1 [1981], "for a continuance beyond the term of the indictment is in the sound discretion of the trial court and when good cause is determined a trial court may ... grant a continuance of a trial beyond the term of indictment at the request of either the prosecutor or defense, or upon the court's own motion." Syllabus Point 2, in part, *Shorter, Id.*

When a defendant requests an immediate review of a trial court's determination of good cause by seeking original relief in this court to compel an immediate trial, we are very solicitous because the defendant is awaiting trial and is obviously sincere in his desire to be tried promptly. *See Pitsenbarger v. Nuzum,* 172 W.Va. 27, 303 S.E.2d 255 (1983).[5] However, after a defendant has been tried and convicted, we apply a far lower standard to a retrospective determination of good cause. *See Good, supra,* 176 W.Va. at 150, 342 S.E.2d at 116 (noting the retrospective standard to be a "liberal good cause for continuance policy"); *Lambert, supra* n. 5.

■ Because of the constitutional right to a speedy trial and the statutory right to a trial in the term of indictment or in the term when the right is asserted, a continuance may not be granted *pro forma* by the trial court. In Syllabus Point 4, *Good v. Handlan,* 176 W.Va. 145, 342 S.E.2d 111 (1986), we stated:

The possible reasons justifying good cause for a continuance under W.Va. Code, 62–3–1, are broader than the causes listed in W.Va.Code, 62–3–21, as valid reasons for not counting a particular term. As a consequence, the causes justifying continuances listed in the three-term rule, W.Va.Code, 62–3–21, may be applied in a one-term rule situa-

**3.** *U.S. Constitution,* Amend. VI, provides, in part:

In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial....

*W.Va. Constitution,* art. III, § 14, provides, in part:

Trials of crimes, and misdemeanors, unless herein otherwise provided, shall be by a jury of twelve men, public, without unreasonable delay....

**4.** *W.Va.Code,* 62–3–21 [1959], provides that:

Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed

or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict....

**5.** Although Mr. Lewis seeks a writ of mandamus, most cases arising under *W.Va.Code,* 62–3–1 [1981] and *W.Va.Code,* 62–3–21 [1959] request a writ of prohibition. *Webb, supra; Keller, supra; Good, supra; Pitsenbarger, supra; Shorter, supra. See Workman, supra* (writ of habeas corpus); *Adkins, supra* (appeal from dismissal of indictments); *State v. Lambert,* 175 W.Va. 141, 331 S.E.2d 873 (1985) (appeal of a conviction). *Cf. State ex rel. Holstein v. Casey,* 164 W.Va. 460, 472, 265 S.E.2d 530, 537 (1980) (Miller, J., dissenting) *rev'd, Shorter, supra* (stating that a defendant "may compel the trial [under *W.Va.Code,* 62–3–1] by a mandamus as in the case of other mandating statutes.").

tion, but the general good cause standard in W.Va.Code, 62–3–1, may not be applied in W.Va.Code, 62–3–21 situation.

■ Although difficulties beyond the control of the court or litigants, along with the reasons listed in *W.Va.Code*, 62–3–21 [1959], can constitute good cause, the circuit court should not grant continuances for the prosecution's convenience. In addition, continuances granted to accommodate *tactical* considerations are looked on with disfavor especially when a defendant remains incarcerated or when the delay is designed to pressure a defendant. We recognize that some delay may be justified in the cases involving two or more interrelated defendants when the prosecution wants to try defendants in a particular order. However, delay caused by the prosecution's trial order preference must be minimal. *See Pitsenbarger, supra,* 172 W.Va. at 29, 303 S.E.2d at 257 ("deliberate or oppressive delay ... will trigger Code, 62–3–1 [1981]"); Syllabus Point 4, *Shorter, supra.*[6]

■ We have recognized that a congested docket can justify a continuance. *Shorter, supra,* 170 W.Va. at 255, 294 S.E.2d at 57. However, before a congested docket routinely requires continuances, the trial court should seek assistance from this Court for the appointment of an additional judge.[7] Further, if the appointment of an additional judge will overburden the prosecution, the local prosecutor should seek assistance from the Attorney General's Office. Although we acknowledge the practical problems in effecting the one-term rule (*Shorter, supra,* 170 W.Va. at 257, 294 S.E.2d at 59), we, nevertheless, require that

all cases be tried "without unreasonable delay." *W.Va. Constitution,* art. III, § 14.

■ In the present case, the first continuance of Mr. Lewis' trial was requested by the prosecution because certain forensic evidence, namely DNA testing, was not available for the August 1990 trial date. Mr. Lewis alleges that because the forensic evidence was not directly related to the case against him, the trial court's finding good cause to continue the trial was an abuse of discretion. We note that the State contends that the victim, Mrs. Lewis, was murdered by Charles Kilmer who shortly after his arrest said that Mr. Lewis paid him to murder his wife.[8] Donald Morris was also indicted as an accessory after the fact in Mrs. Lewis' murder.[9] The forensic evidence sought by the prosecution is to corroborate part of the statement given by Mr. Kilmer, who has since indicated that he might invoke his Fifth Amendment privilege and refuse to testify. Given the nature of the case, we find that Mr. Lewis has failed to establish that Judge Henry abused his discretion in continuing Mr. Lewis' trial in August 1990.

■ The second continuance of Mr. Lewis' trial occurred in October 1990 because all available trial dates were assigned.[10] In Syllabus Point 3, *Shorter, supra,* we recognized that a congested trial docket can constitute good cause:

> A trial judge in a multi-judge circuit may, upon his own motion and for good cause, order a continuance of a trial beyond the term of indictment because of the judge's congested trial docket, and

---

6. *See State v. Drachman,* 178 W.Va. 207, 358 S.E.2d 603 (1987) (for a recent discussion of the factors for determining unreasonable delay set out in Syllabus Point 2, *State v. Foddrell,* 171 W.Va. 54, 297 S.E.2d 829 (1982)).

7. Article VIII § 3 of the *W.Va. Constitution* provides in relevant part that "[the Supreme Court of Appeals] shall have general supervisory control over all intermediate appellate courts, circuit courts and magistrate courts. The chief justice shall be the administrative head of all the courts. He may assign a judge from one intermediate appellate court to another, from one

circuit court to another, or from one magistrate court to another, for temporary service."

8. Mr. Kilmer's trial is scheduled for January 8, 1991.

9. Mr. Morris was tried and convicted in the Magistrate Court of Berkeley County and his appeal is currently pending before Judge Henry.

10. Thirty criminal trials were scheduled by Judge Henry between 1 November 1990 and 26 March 1991. An additional eleven cases, including Mr. Lewis', were not set for trial because of Berkeley County's congested docket.

such judge need not ascertain whether any other judge in the circuit can try the case within the term of indictment. *W. Va. Code*, 62–3–1.

We find that because the second continuance was the result of a congested trial docket, Mr. Lewis failed to establish that Judge Henry abused his discretion in the second continuation of Mr. Lewis' trial.[11] However, we encourage the trial court to try Mr. Lewis without delay.

■ Accordingly, we reject Mr. Lewis' argument that his right to a speedy trial under *W. Va. Code*, 62–3–1 [1981], was violated and, therefore, it is, Adjudged and Ordered that the rule to show cause in mandamus, heretofore issued, be and the same hereby is discharged.

Writ denied.

---

11. Mr. Lewis, in the alternative, seeks a reassignment of his case to another circuit court. The prosecution contends that a reassignment would be difficult because of the trials scheduled in Berkeley County. For a discussion of a congested docket, *see infra* pp. 326–327.