539 S.E.2d 765

**STATE of West Virginia ex rel. David N. MURRAY, Petitioner,**

v.

**The Honorable David H. SANDERS, Judge of the Circuit Court of Berkeley County, Respondent.**

· No. 27830.

Supreme Court of Appeals of West Virginia.

Submitted Sept. 6, 2000.

Decided Sept. 29, 2000.

---

John P. Adams, Thomas L. Stanley, Public Defender Corporation, Martinsburg, West Virginia, Attorneys for the Petitioner.

Pamela Jean Games–Neely, Berkeley County Prosecuting Attorney, Christopher C. Quasebarth, Assistant Prosecuting Attorney, Martinsburg, West Virginia, Attorneys for the Respondent.

PER CURIAM:

David N. Murray, petitioner/defendant below (hereinafter referred to as "Mr. Murray"), seeks a writ of prohibition under the original jurisdiction of this Court. Mr. Murray was indicted by a grand jury in the

Circuit Court of Berkeley County on two counts of first degree sexual assault. He then filed a motion with the circuit court seeking to have the indictment dismissed on the grounds of unexcusable delay in prosecution. The respondent, David H. Sanders, Judge of the Circuit Court of Berkeley County, denied the motion to dismiss. Now, Mr. Murray seeks to have this Court prohibit the circuit court from proceeding with the indictment. Based upon the parties' arguments on appeal, the record designated for appellate review, and the pertinent authorities, we deny Mr. Murray's petition for writ of prohibition.

## I.

### FACTUAL AND PROCEDURAL HISTORY

Mr. Murray was initially indicted on two counts of first degree sexual assault in the February, 2000, term of the circuit court.[1] On February 28, 2000, Mr. Murray was arraigned. A trial date was set for April 19, 2000. At a hearing on March 13, 2000, however, the State moved to dismiss the indictment stating that the indictment did not sufficiently set out the charge of first degree sexual assault. Over the objection of Mr. Murray, the circuit court granted, without prejudice, the State's motion to dismiss.

Mr. Murray subsequently was re-indicted in the May, 2000, term of the circuit court. The second indictment contained the previous charges of two counts of first degree sexual assault and added the word "intentionally," which was absent from the first indictment. On June 28, 2000, Mr. Murray filed a motion to dismiss the second indictment, asserting that he had not been tried under the first indictment in the February term of the circuit court as contemplated in the "one-term" rule of W. Va.Code § 62–3–1 (2000). The trial court denied the motion. Mr. Murray thereafter filed this petition for writ of prohibition.

## II.

### STANDARD OF REVIEW

In Syllabus point 1 of *Hinkle v. Black*, 164 W.Va. 112, 262 S.E.2d 744 (1979),

we set out the following criteria for determining whether to issue a writ of prohibition:

> In determining whether to grant a rule to show cause in prohibition when a court is not acting in excess of its jurisdiction, this Court will look to the adequacy of other available remedies such as appeal and to the over-all economy of effort and money among the litigants, lawyers and courts; however, this Court will use prohibition in this discretionary way to correct only substantial, clear cut, legal errors plainly in contravention of a clear statutory, constitutional, or common law mandate which may be resolved independently of any disputed facts and only in cases where there is a high probability that the trial will be completely reversed if the error is not corrected in advance.

*See* Syl. pt. 1, in part, *Fahey v. Brennan*, 136 W.Va. 666, 68 S.E.2d 1 (1951) ("A writ of prohibition does not lie in the absence of a clear showing that a trial court is without jurisdiction to hear and determine a proceeding[.]"); *Fisher v. Bouchelle*, 134 W.Va. 333, 335, 61 S.E.2d 305, 306 (1950) ("[T]he writ will not be awarded in cases where it does not clearly appear that the petitioner is entitled thereto[.]"); Syllabus, *Vineyard v. O'Brien*, 100 W.Va. 163, 130 S.E. 111 (1925) ("The writ of prohibition will issue only in clear cases, where the inferior tribunal is proceeding without, or in excess of, jurisdiction.").

This Court has previously noted that "[p]rohibition lies only to restrain inferior courts from proceeding in causes over which they have no jurisdiction, or, in which, having jurisdiction, they are exceeding their legitimate powers and may not be used as a substitute for writ of error, appeal or certiorari." Syl. pt. 1, *Crawford v. Taylor*, 138 W.Va. 207, 75 S.E.2d 370 (1953). *See* Syl. pt. 2, *State ex rel. Peacher v. Sencindiver*, 160 W.Va. 314, 233 S.E.2d 425 (1977) ("A writ of prohibition will not issue to prevent a simple abuse of discretion by a trial court. It will only issue where the trial court has no juris-

---

1. At the time of the indictment, Mr. Murray was incarcerated on other charges.

diction or having such jurisdiction exceeds its legitimate powers. *W. Va. Code*, 53–1–1.").

## III.

## DISCUSSION

■ Mr. Murray's petition requires this Court to determine whether dismissal of an indictment and a subsequent re-indictment on the same charges constitutes a "continuation" of the first indictment, within the "good cause" standard of W. Va. Code § 62–3–1 (2000). That statute reads, in relevant part: "When an indictment is found in any county, against a person for a felony or misdemeanor, the accused, if in custody, or if he appear in discharge of his recognizance, or voluntarily, shall, unless good cause be shown for a continuance, be tried at the same term." *Id.*

■ Before this Court, the State contends that W. Va. Code § 62–3–1 is not applicable to this case as presented in the petition. The State argues further that dismissal of the February indictment terminated that proceeding. Thus, the subsequent re-indictment in May was not a continuation of the February indictment.[2] We reject the State's limitation of the term "continuation." This Court has previously acknowledged that a dismissal of an indictment and a subsequent re-indictment constitute a continuance under W. Va. Code § 62–3–1. *See State v. Lambert,* 175 W.Va. 141, 331 S.E.2d 873 (1985) (per curiam).

■ The second issue is whether "good cause" was established for dismissal of the first indictment. In syllabus point 2 of *State ex rel. Shorter v. Hey,* 170 W.Va. 249, 294 S.E.2d 51 (1981), we held, in part, that "[t]he determination of what is good cause, pursuant to W. Va. Code § 62–3–1, for a continuance of a trial beyond the term of indictment is in the sound discretion of the trial court[.]" The State sought dismissal of the first indict-

ment on the grounds that the indictment was flawed because it failed to state that the crimes were committed "intentionally." Mr. Murray contends that this excuse was not good cause to dismiss the indictment because the crimes charged involved rape of a minor, and therefore, "intent" was not an element of the offenses.

■ During the proceedings below, the trial court found the dismissal was for good cause. To support its decision, the trial court ruled that "[t]he assistant prosecutor felt duty bound to investigate the propriety of the charges in the indictment and thereafter seek re-indictment." The trial court then concluded that "the assistant prosecuting attorney's actions were not a ruse to deny the Defendant a speedy trial[.]"[3] This finding by the trial court was consistent with this Court's prior ruling in Syllabus point 4 of *State ex rel. Shorter v. Hey:*

> Where the trial court is of the opinion that the state has deliberately or oppressively sought to delay a trial beyond the term of indictment and such delay has resulted in substantial prejudice to the accused, the trial court may, pursuant to W.Va. Code § 62–3–1, finding that no good cause was shown to continue the trial, dismiss the indictment with prejudice, and in so doing the trial court should exercise extreme caution and should dismiss an indictment pursuant to W. Va. Code § 62–3–1, only in furtherance of the prompt administration of justice.

170 W.Va. 249, 294 S.E.2d 51.

No evidence was presented by Mr. Murray to either the trial court, or this Court, to show that the State "deliberately or oppressively," delayed the prosecution in this case. More importantly, Mr. Murray has not established that the delay caused "substantial

---

2. The trial court also found that W. Va. Code § 62–3–1 was not applicable to the case because Mr. Murray was not incarcerated on the charges in the indictment at the time of dismissal. A careful reading of the statute shows that a defendant does not have to be incarcerated for the statute to be applicable. Three situations are cited in the statute to trigger its application: "if

in custody, or if he appear in discharge of his recognizance, or voluntarily[.]" *Id.*

3. This finding was made by the trial court even though it later determined that the second indictment did not have to contain the term "intentionally".

prejudice" to his preparation for defending against the indictment.[4]

Finally, the trial court determined that even with the delay in the case, "the trial in this matter was still scheduled within three-terms of the Court." In *State v. Carrico,* 189 W.Va. 40, 427 S.E.2d 474 (1993), we explained the difference between the one-term rule of W. Va.Code § 62–3–1 and the three-term rule of W. Va.Code § 62–3–21 (2000)[5] as follows:

> [T]he three-term rule provides that a post-indictment delay cannot be much longer than a year without an act on the defendant's part to extend the term between indictment and trial; the three-term rule operates no matter whether the defendant asks for a trial . . .; the "one-term" rule . . . prevents extreme prejudice against a defendant for delay, for if an event that may cause prejudice is impending and the defendant moves for a trial within one-term of court, the prosecution will need to show a high level of "good cause" to persuade the court to continue the case.

*Carrico,* 189 W.Va. at 44, 427 S.E.2d at 478 (citations omitted).

In *Carrico* the trial court permitted the prosecutor to *nolle prosequi* the first indictment against the defendant and obtain a second indictment charging the same offenses. After the defendant's conviction he appealed arguing that he was denied a speedy trial. This Court rejected the argument and held that "the prosecution is entitled to re-indict after a *nolle prosequi* if the prosecution can conduct the trial within the constraints of the three-term rule." *Carrico,* 189 W.Va. at 45, 427 S.E.2d at 479.

*Carrico* is controlling in the instant proceeding. Whether or not the reason for the dismissal of the first indictment amounted to good cause is discretionary with the trial court. Thus, we are reluctant to disturb the trial court's ruling on this issue because the defendant's trial on the second indictment was set within three-terms of the first indictment.[6] The one-term rule is not a right of constitutional dimension, but rather "provides a personal right to the defendant to be tried more expeditiously than the Constitution requires." *State ex rel. Workman v. Fury,* 168 W.Va. 218, 221, 283 S.E.2d 851, 853 (1981). We further explained in Syllabus point 1 of *State ex rel. Shorter v. Hey* that:

> Whereas W. Va.Code § 62–3–1, provides a defendant with a statutory right to a trial in the term of his indictment, it is W. Va.Code § 62–3–21, rather than W. Va. Code § 62–3–1, which is the legislative adoption or declaration of what ordinarily constitutes a speedy trial within the meaning of U.S. Const., amend. VI and W. Va. Const., art. III, § 14.

170 W.Va. 249, 294 S.E.2d 51.

Consequently, our review of a challenge to a decision under the one-term rule is less stringent than that of a challenge to a three-term rule decision. This Court noted in *Good v. Handlan,* 176 W.Va. 145, 150, 342 S.E.2d 111, 115 (1986), that when there is a violation of the three-term rule "a trial court is obligated to dismiss the indictment," but "there is more flexibility in the remedy for a one-term rule violation than for a three-term rule violation."

---

4. We have previously recognized that "[u]nder W. Va.Code § 62–3–1, . . . the burden is on the party seeking this statutory protection to show that the trial was continued without good cause." Syl. pt. 2, in part, *Pitsenbarger v. Nuzum,* 172 W.Va. 27, 303 S.E.2d 255 (1983). *See Good v. Handlan,* 176 W.Va. 145, 149, 342 S.E.2d 111, 114 (1986).

5. W. Va.Code § 62–3–21 (2000) states, in relevant part:

> Every person charged by presentment or indictment with a felony or misdemeanor, and remanded to a court of competent jurisdiction for trial, shall be forever discharged from prosecution for the offense, if there be three regular terms of such court, after the presentment is made or the indictment is found against him, without a trial, unless the failure to try him was caused by his insanity; or by the witnesses for the State being enticed or kept away, or prevented from attending by sickness or inevitable accident; or by a continuance granted on the motion of the accused; or by reason of his escaping from jail, or failing to appear according to his recognizance, or of the inability of the jury to agree in their verdict.

6. The new trial date was set for June 29, 2000.

## IV.

## CONCLUSION

Based upon the foregoing, Mr. Murray's petition for writ of prohibition is denied.

Writ Denied.